Argued and submitted July 15, 1982, affirmed September 7, petition for rehearing denied October 18, 1983

STANLEY EARL McNUTT,
*Petitioner on Review,*

*v.*

STATE OF OREGON,
*Respondent on Review.*

(TC 16-80-10401, CA A21463, SC 28619)

668 P2d 1201

William S. Wiley, Eugene, argued the cause for petitioner on review. With him on the brief was Husk, Gleaves, Swearingen, Larsen & Potter, Eugene.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

CARSON, J.

## CARSON, J.

The principal question presented in this case is whether the breach of a statute outside the Oregon Criminal Code,[1] which breach does not specifically require a culpable mental state, constitutes a misdemeanor or a violation. More specifically, does the breach of ORS 541.615(1),[2] punishable by ORS 541.990(4),[3] constitute a misdemeanor, as described in ORS 161.545[4] and 161.555(3)[5] or a violation, as described in ORS 161.565?[6] The answer to the question lies in the application of the appropriate statutory provisions.

Defendant pleaded guilty in district court to the charge of removal of material from the bed of a stream contrary to the conditions of a permit issued under ORS 541.615 by unlawfully and with criminal negligence failing to stop work when lawfully directed to do so. The trial court treated the resulting conviction as a misdemeanor and suspended imposition of sentence, placing defendant on probation for two years. As a condition of probation, defendant was ordered to pay a $1,000 fine. Defendant took no direct appeal, but subsequently

---

[1] Statutorily, 1971 Or Laws, ch 743, has been designated as the Oregon Criminal Code of 1971. ORS 161.005. We shall refer to it as the Oregon Criminal Code.

[2] ORS 541.615(1) provides:

"Except as otherwise specifically permitted under ORS 541.605 to 541.665, no person or governmental body shall remove any material from the beds or banks or fill any waters of this state without a permit issued under authority of the Director of the Division of State Lands, or in a manner contrary to the conditions set out in the permit."

[3] ORS 541.990(4) provides:

"Violation of ORS 541.615 is a misdemeanor."

[4] ORS 161.545 provides:

"A crime is a misdemeanor if it is so designated in any statute of this state or if a person convicted thereof may be sentenced to a maximum term of imprisonment of not more than one year."

[5] ORS 161.555(3) provides:

"An offense defined by a statute of this state, but without specification as to its classification or as to the penalty authorized upon conviction, shall be considered a Class A misdemeanor."

[6] ORS 161.565 provides:

"An offense is a violation if it is so designated in the statute defining the offense or if the offense is punishable only by a fine, forfeiture, fine and forfeiture or other civil penalty. Conviction of a violation does not give rise to any disability or legal disadvantage based on conviction of a crime."

sought post-conviction relief,[7] contending that (1) ORS 541.615(1) is unconstitutionally vague, and (2) because defendant could only be convicted of a violation which carried a maximum penalty of $250, the sentence imposed was in excess of that authorized by law.

The post-conviction court found that ORS 541.615(1) was not unconstitutionally vague but that the offense could constitute only a violation and therefore the sentence imposed by the district court was void. The post-conviction court therefore remanded the matter to the district court for resentencing. The state appealed.[8] The Court of Appeals reversed concluding that culpability is required by ORS 161.115(2) but that the state could, and did, sufficiently allege and prove criminal negligence in the violation of ORS 541.615(1).

The single issue before this court is whether the post-conviction court erred in finding that the offense charged in the complaint could be no more than a violation.

Facially, the statutes in question make it clear that the removal of material in violation of the principal statute (ORS 541.615(1)) is a misdemeanor (ORS 541.990(4)) and that, as an "unclassified misdemeanor," it is to be treated as a Class A misdemeanor. ORS 161.555(3). However, defendant's theory is that because the statutory prohibition against removal of material from a river bed is "outside the Oregon Criminal Code" and "requires no culpable mental state," it is controlled by ORS 161.105(2)[9] which directs that the offense can be a violation only.

Specifically, defendant contends that in order for his actions to constitute a crime (here, a misdemeanor), rather

---

[7] We expressed initial concern regarding whether post-conviction relief was the proper procedural method for defendant to pursue; however, the state has conceded that defendant is properly before this court and, consequently, we do not address this issue.

[8] Defendant's cross-appeal, contending that the post-conviction court erred in finding that ORS 541.615 was not unconstitutionally vague, was dismissed on defendant's motion.

[9] ORS 161.105(2) provides:

"Notwithstanding any other existing law, and unless a statute enacted after January 1, 1972, otherwise provides, an offense defined by a statute outside the Oregon Criminal Code that requires no culpable mental state constitutes a violation."

than merely a violation, a culpable mental state must be required by the statute or the statute must clearly indicate a legislative intent to dispense with any culpable mental state. Because ORS 541.615(1) does not so provide or indicate, defendant concludes that he can be punished on a plea of guilty only to the maximum permitted for a violation, notwithstanding the legislative denomination of the breach of the principal statute as a misdemeanor.

Before beginning an analysis of the Oregon Criminal Code, it is important to point out that, although the principal statute, ORS 541.615, is not a part of the Oregon Criminal Code, provisions of the Oregon Criminal Code nonetheless relate to its application. ORS 161.035(2)[10] sets forth that, unless otherwise provided, or unless the context otherwise requires, the provisions of the Oregon Criminal Code govern the construction and punishment of any offense outside the Oregon Criminal Code. *See State v. Buttrey,* 293 Or 575, 651 P2d 1075 (1982).

■    In rewriting the penal code, the 1971 legislature set forth certain general principles of criminal liability and established some required thresholds of *mens rea,* or blameworthy mental states. The general, or threshold requirement is that a person must act with a culpable mental state in respect of each material element of the offense that necessarily requires a culpable mental state. ORS 161.095(2).[11] There are exceptions to this general requirement, and it is these exceptions upon which defendant relies. The resolution of the question turns on an analysis of ORS 161.105, which provides:

"(1)    Notwithstanding ORS 161.095, a culpable mental state is not required if:

---

[10] ORS 161.035(2) provides:

"Except as otherwise expressly provided, or unless the context requires otherwise, the provisions of chapter 743, Oregon Laws 1971, shall govern the construction of and punishment for any offense defined outside chapter 743, Oregon Laws 1971, and committed after January 1, 1972, as well as the construction and application of any defense to a prosecution for such an offense."

[11] ORS 161.095(2) provides:

"Except as provided in ORS 161.105, a person is not guilty of an offense unless he acts with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state."

"(a) The offense constitutes a violation, unless a culpable mental state is expressly included in the definition of the offense; or

"(b) An offense defined by a statute outside the Oregon Criminal Code clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any material element thereof.

"(2) Notwithstanding any other existing law, and unless a statute enacted after January 1, 1972, otherwise provides, an offense defined by a statute outside the Oregon Criminal Code that requires no culpable mental state constitutes a violation.

"(3) Although an offense defined by a statute outside the Oregon Criminal Code requires no culpable mental state with respect to one or more of its material elements, the culpable commission of the offense may be alleged and proved, in which case criminal negligence constitutes sufficient culpability, and the classification of the offense and the authorized sentence shall be determined by ORS 161.505 to 161.605 and 161.615 to 161.655."

The first two exceptions to the culpability requirement are applicable where the offense is merely a violation or where the offense is defined outside the Oregon Criminal Code and there is clear indication of legislative intent to dispense with any culpable mental state. ORS 161.105(1).

Another exception, stated as a rule, is that any pre-1972 offense which is defined outside the Oregon Criminal Code and which does not require a culpable mental state constitutes a violation. ORS 161.105(2). It is upon this rule that defendant specifically relies.

Because ORS 541.615 prescribes "an offense defined by a statute outside the Oregon Criminal Code" (ORS 161.105(2)), and does not expressly require a culpable mental state, our first inquiry must be whether ORS 541.615 is an offense that requires no culpable mental state. We note that ORS 541.615(1) was first enacted in 1967, some four years prior to the adoption of the Oregon Criminal Code. Further, we find nothing in reading the statute or in the legislative history which "clearly indicates a legislative intent to dispense with any culpable mental state requirement." ORS 161.105(1)(b).

Consequently, a breach of ORS 541.615(1) is punishable as a "violation." ORS 161.105(2). But that does not end our

inquiry. We have found no legislative history which indicates that ORS 161.105(3) cannot be utilized by a prosecutor to upgrade a violation of ORS 541.615(1) to a Class A misdemeanor.

■ The state's position is that it has exercised its discretion to allege and prove a culpable mental state and thus has elevated the offense to a misdemeanor under ORS 161.105(3). The state charged that defendant did "unlawfully and with criminal negligence remove material from the bed and banks of the McKenzie River * * *." Such an allegation in the charging instrument is sufficient to charge the offense as a misdemeanor. *See State v. Wolfe,* 288 Or 521, 605 P2d 1185 (1980) (offense upgraded to a felony); *cf. State v. Jacobs,* 55 Or App 406, 637 P2d 1377 (1981).

■ To support the misdemeanor conviction, the state was required to prove that defendant acted with criminal negligence in respect of each "result or * * * circumstance described by [the] statute." ORS 161.085(10). By alleging criminal negligence, the state has pleaded a different offense, requiring additional proof of mental culpability which is not required for a violation. *See Blockburger v. United States,* 284 US 299, 52 S Ct 180, 76 L Ed 306 (1932). This should not be confused with a statutory scheme providing different penalties for the same prohibited conduct. *See State v. Pirkey,* 203 Or 697, 281 P2d 698 (1955).

■ If ORS 541.615(1) were designated simply as a violation in ORS 541.990(4), it would appear that the prosecutor could not upgrade the offense to a misdemeanor. However, as here, where the offense is designated as a "misdemeanor," the prosecutor does have discretion to allege and prove a culpable mental state elevating the violation to a misdemeanor.

■ Thus, we hold that the state need not prove a culpable mental state in order to convict under ORS 541.615(1), but that absent such allegation and proof, the conviction can only be punished as a violation. However, by electing to allege and prove criminal negligence the conviction may be punished as a Class A misdemeanor. We believe this to be the legislature's intent.[12]

---

[12] The Criminal Law Revision Commission Minutes of September 12, 1969, indicate as much. The minutes show that the legislature was advised that subsection

The Court of Appeals reached its conclusion that the violation was a misdemeanor offense by holding that:

"* * * [W]hen * * * a statute outside the criminal code provides for the sanction of imprisonment, and when that statute clearly indicates neither an intent to dispense with a culpable mental state nor clearly indicates an intent to create a strict liability crime, culpability is required by ORS 161.115(2)."[13]

■     We do not rely on ORS 161.115(2) for resolution of this case. When a statute such as ORS 541.615(1) clearly indicates neither an intent to dispense with a culpable mental state nor clearly indicates an intent to create a strict liability crime, an offense under such a statute is a "violation" which, in the prosecutor's discretion, can be upgraded to a misdemeanor (or in some cases a felony if the punishment section of the statute so provides) by alleging and proving a culpable mental state. This is provided for explicitly by ORS 161.105(3) and there is no need to look to ORS 161.115(2). Here the prosecutor properly exercised his discretion and the misdemeanor sentence was within the statutory limits.

The Court of Appeals is affirmed, but for the reasons stated herein.

---

(3) would "provide that even though there was no culpability required and the offense could not be prosecuted as an offense greater than a violation, the prosecution could nonetheless allege and prove culpability, in which case the offense would be taken out of the violation category and would be punishable as otherwise provided by law." (at page 2). *See also,* Proposed Oregon Criminal Code, § § 7-11 Commentary at 9 and 11 (Final Draft and Report 1970).

[13] ORS 161.115(2) provides:

"Except as provided in ORS 161.105, if a statute defining an offense does not prescribe a culpable mental state, culpability is nonetheless required and is established only if a person acts intentionally, knowingly, recklessly or with criminal negligence."