Argued and submitted May 12, remanded for
resentencing November 9, 1983, reconsideration denied January 6,
petition for review allowed January 24, 1984 (296 Or 350)
See 297 Or 195, 681 P2d 1152 (1984)

## STATE OF OREGON,
*Respondent,*

*v.*

## CHANG HWAN CHO,
*Appellant.*

### (GB 81-48; CA A23284)

671 P2d 1181

John Bennington, Assistant Public Defender, Coquille, argued the cause and filed the brief for appellant.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden, and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant appeals his conviction for offering to purchase the gall bladder of a bear in violation of ORS 498.022.[1] He makes two assignments of error: denial of his motion to dismiss the complaint on the grounds of res judicata or collateral estoppel, and denial of his motion for directed verdict because of the state's failure to plead and prove a culpable mental state. Alternatively, defendant argues that, if a culpable mental state is not an element of the offense, then it is a violation and he should be sentenced accordingly. We remand for resentencing.

■ The first complaint alleged that defendant committed the offense of "offering to buy parts of [a] game mammal, to-wit, Bear, * * *." Defendant demurred to the complaint on the ground that it failed to allege a "crime." ORS 135.630(4). The demurrer was allowed, and the state was granted 10 days to "refile" a new accusatory instrument pursuant to ORS 135.670(1). The second complaint alleged the offense in the identical language of the first complaint. Defendant contends that the order allowing the demurrer and dismissing the first complaint constitutes a bar to the filing of the second identical complaint.

ORS 135.670 provides in part:

"(1) If the demurrer is allowed, the judgment is final upon the accusatory instrument demurred to and is a bar to another action for the same crime unless the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new accusatory instrument, allows the case to be resubmitted or refiled.

"(2) If the court allows the case to be resubmitted or refiled, it must be resubmitted or refiled by the state within 30 days from the date on which the court enters the order. * * *"

The statute gives the trial judge two choices: dismissal of the complaint with prejudice or dismissal of the complaint with leave to refile within 30 days of the order.

---

[1] ORS 498.022 provides:

"Except as the commission by rule may provide otherwise, no person shall purchase, sell or exchange, or offer to purchase, sell or exchange any wildlife, or any part thereof."

We have assumed that the Uniform Anatomical Gift Act does not apply. ORS 97.250, et seq.

■      If the court permits the state to refile, the second complaint is "new" for the purposes of the statute, even if the language is unchanged. What the prosecution did in this case was to offer the trial court the functional equivalent of·a motion to reconsider its prior ruling, and the court perceived its error and ruled accordingly.[2] The motion to dismiss was properly denied.

Defendant moved for acquittal on the ground that the state failed to plead and prove a culpable mental state. Alternatively, he argued that, if ORS 498.022 does not require a culpable mental state, then, it is punishable only as a violation. The trial court ruled that ORS 498.022 was a strict liability crime and imposed a sentence for a class A misdemeanor.[3]

The provisions of the Oregon Criminal Code govern the construction and punishment of offenses defined outside the criminal code. ORS 161.035(2); *McNutt v. State of Oregon,* 295 Or 580, 668 P2d 1201 (1983). ORS 498.022 is such an offense, and its breach constitutes a class A misdemeanor. ORS 496.992(1).[4]

■■      The Criminal Code sets out the general requirement that a person must act with a culpable mental state in respect to every material element of the offense that necessarily requires a culpable mental state. ORS 161.095(2);[5] *McNutt v.*

---

[2] Defendant's demurrer alleged failure to state a "crime" under ORS 135.630(4). The ground for allowing the demurrer and dismissing the complaint under ORS 135.630(4) is that "the facts stated do not constitute an offense." An offense is defined by ORS 161.505 as "either a crime or a violation or an infraction." Even if the complaint failed to state a crime in that it did not allege a culpable mental state, the complaint did allege a violation. Therefore, the complaint did allege facts sufficient to constitute an "offense" under ORS 135.630(4).

[3] Pursuant to ORS 161.565, "[a]n offense is a violation if it is so designated in the statute defining the offense or if the offense is punishable only by fine, forfeiture or other civil penalty * * *." ORS 161.575(1) provides:

"Any violation defined by the Oregon Criminal Code is expressly designated in the section defining the offense. Any offense designated outside this code which is punishable as provided in ORS 161.565 shall be considered a violation."

[4] ORS 498.022 and ORS 496.992(1) were enacted in 1973 as the result of a comprehensive revision of the wildlife laws. Or Laws 1973, ch 723. ORS 496.992(1) was amended by Or Laws 1975, ch 578, § 3, and "misdemeanor" became "class A misdemeanor."

[5] ORS 161.095(2) provides:

"Except as provided in ORS 161.105, a person is not guilty of an offense unless he acts with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state."

*State of Oregon, supra,* 295 Or at 584. By its terms, ORS 498.022 does not require a culpable mental state.

ORS 161.115(2) provides:

"Except as provided in ORS 161.105, if a statute defining an offense does not prescribe a culpable mental state, culpability is nonetheless required and is established only if a person acts intentionally, knowingly, recklessly or with criminal negligence."

Defendant argues that, under this statute, the state was required to allege and prove some form of awareness on his part that what he offered to buy was "wildlife, or any part thereof" to support the misdemeanor conviction. ORS 161.115(2) is, however, expressly subject to ORS 161.105, which provides for exceptions to the general requirement of a culpable mental state:

"(1)   Notwithstanding ORS 161.095, a culpable mental state is not required if:

"(a)   The offense constitutes a violation, unless a culpable mental state is expressly included in the definition of the offense; or

"(b)   An offense defined by a statute outside the Oregon Criminal Code clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any material element thereof.

"(2)   Notwithstanding any other existing law, and unless a statute enacted after January 1, 1972, otherwise provides, an offense defined by a statute outside the Oregon Criminal Code that requires no culpable mental state constitutes a violation.

"(3)   Although an offense defined by a statute outside the Oregon Criminal Code requires no culpable mental state with respect to one or more of its material elements, the culpable commission of the offense may be alleged and proved, in which case criminal negligence constitutes sufficient culpability, and the classification of the offense and the authorized sentence shall be determined by ORS 161.505 to 161.605 and 161.615 to 161.655."

The state contends that the offense was pleaded and proved as a strict liability crime and that it is an exception to the requirement of a culpable mental state under ORS 161.105(1)(b), which permits the enactment of strict liability crimes outside the Criminal Code, provided that the legislature "clearly indicates" its intention to dispense with a culpable mental state. *See State v. Buttrey,* 293 Or 575, 651 P2d 1075 (1982) (driving while suspended intended to be strict liability crime).

The state argues that the legislature clearly intended to create a strict liability crime, because ORS 498.022 was enacted after January 1, 1972, and was made punishable as a misdemeanor. In *State v. Buttrey, supra,* the court held that the legislature clearly intended to dispense with a culpable mental state requirement in enacting the driving while suspended statute, ORS 487.560, enacted in 1975. That statute provides for an affirmative defense of failure to receive notice of a license suspension. The court reasoned that the affirmative defense, coupled with legislative history that reveals legislative concern with a "massive social problem," indicates a clear intention to dispense with a culpable mental state, i.e., knowledge of the license suspension.

■   Unlike the driving while suspended statute, ORS 498.022 does not "set forth a procedure for the blameless defendant to establish a defense." *State v. Buttrey, supra,* 293 Or at 583. The state refers us to no legislative history other than the date of enactment, but that is not sufficient to demonstrate a clear legislative intent to dispense with culpability and to create a strict liability crime contrary to the underlying policy of the criminal code. ORS 161.025(1)(d).[6] When a statute fails to require a culpable mental state expressly and there is no clear expression of legislative intent to dispense with such a requirement, breach of the statute is

---

[6] One of the "purposes" of the Criminal Code fortifies the statutory requirement that the legislature must "clearly" intend to dispense with the culpability requirement before one can be found criminally liable without fault. ORS 161.025(1)(d) provides:

"(1) The general purposes of chapter 743, Oregon Laws 1971 are:

"* * * * *

"(d) To define the act or omission and the accompanying mental state that constitute each offense and limit the condemnation of conduct as criminal when it is without fault."

punishable only as a violation. ORS 161.105(2); *McNutt v. State of Oregon, supra.*[7]

Remanded for resentencing under ORS 161.635(3).

---

[7] The complaint did not allege a mental state. Therefore, the state did not use its option to plead and prove a culpable mental state to elevate the offense to a misdemeanor under ORS 161.105(3). *See McNutt v. State of Oregon, supra.*