Argued and submitted October 10, remanded for resentencing
for a violation November 30, 1983, reconsideration denied January 6,
petition for review allowed January 24, 1984 (296 Or 350)
See 297 Or 203, 681 P2d 1158 (1984)

## STATE OF OREGON,
### *Respondent,*

*v.*

## JOHN BENJAMIN HOLT,
### *Appellant.*

### (1323372/G 817MF; CA A28323)

672 P2d 375

William Uhle, Oregon City, argued the cause and filed the brief for appellant.

Jan Peter Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant appeals his misdemeanor conviction for the "illegal killing of a buck deer." ORS 498.002; OAR 635-09-001(2). The issue on appeal is whether the offense requires the state to plead and prove a culpable mental state.

Defendant was hunting elk when he shot a buck deer out of season. The complaint provides:

> "That on the 1 day of Nov, 1982 at 9:30 o'clock a.m. * * * Holt, John Benjamin * * * while hunting at or near Blalock Mountain in the city, or county and state aforesaid, committed the following offense: ILLEGAL KILLING OF A BUCK DEER in violation of state statute or regulation in such case made and provided."

Defendant testified that he shot the deer because he mistakenly believed that it was an elk. The state conceded defendant's mistake but argued that it is irrelevant because the killing of a deer out of season is a strict liability crime. The trial judge refused to give defendant's requested jury instructions on culpable mental state and mistake of fact.

OAR 635-09-001 sets the Eastern Oregon buck deer season for "October 2 through October 8." The rule was promulgated by the Wildlife Commission pursuant to its rulemaking authority. ORS 498.002.[1] Killing a buck deer out of season is punishable as a Class A Misdemeanor. ORS 496.992(1).[2]

■ The Oregon Criminal Code governs the construction and punishment of wildlife offenses. ORS 161.035; *State v. Cho,* 65 Or App 442, 671 P2d 708 (1983). The code sets forth the general requirement that a person must act with a culpable mental state in respect to every material element of an offense which necessarily requires a culpable mental state. ORS

---

[1] ORS 498.002 provides:

"Wildlife is the property of the state. No person shall angle for, hunt, trap or possess, or assist another in angling for, hunting, trapping or possessing any wildlife in violation of the wildlife laws or any rule promulgated pursuant thereto."

[2] ORS 496.992(1) provides:

"(1) Except as otherwise provided by law, violation of any provision of the wildlife laws, or any rule promulgated pursuant thereto, is a Class A misdemeanor * * *."

161.095;[3] *McNutt v. State of Oregon,* 295 Or 580, 668 P2d 1201 (1983); *State v. Cho, supra.* Exceptions to the general requirement are set forth in ORS 161.105.[4] ORS 161.105(1)(b) enables the legislature to enact strict liability crimes if it "clearly indicates a legislative intent to dispense with any culpable mental state requirement * * *." *State v. Buttrey,* 293 Or 575, 651 P2d 1075 (1982); *State v. Cho, supra; State v. Smith,* 51 Or App 223, 625 P2d 1321 (1981).

The rule-making authority, the administrative rule setting the season and the penalty provision were all enacted after the Criminal Code culpability requirements. The state argues that the date of enactment and the designation as a misdemeanor indicate a legislative intent to impose strict liability under the exceptions to the culpability requirement set forth in ORS 161.105(1)(b) and (2). That is the identical argument we considered and rejected in *State v. Cho, supra.*

When the statute fails to require expressly a culpable mental state and the legislature has not clearly indicated an intent to dispense with such a requirement, the offense is punishable only as a violation. ORS 161.105(2); *McNutt v. State of Oregon, supra; State v. Cho, supra.* However, if the

---

[3] ORS 161.095(2) provides:

"(2) Except as provided in ORS 161.105, a person is not guilty of an offense unless he acts with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state."

[4] The exceptions to the general requirement of a culpable mental state are set forth in ORS 161.105:

"(1) Notwithstanding ORS 161.095, a culpable mental state is not required if:

"(a) The offense constitutes a violation, unless a culpable mental state is expressly included in the definition of the offense; or

"(b) An offense defined by a statute outside the Oregon Criminal Code clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any material element thereof.

"(2) Notwithstanding any other existing law, and unless a statute enacted after January 1, 1972, otherwise provides, an offense defined by a statute outside the Oregon Criminal Code that requires no culpable mental state constitutes a violation.

"(3) Although an offense defined by a statute outside the Oregon Criminal Code requires no culpable mental state with respect to one or more of its material elements, the culpable commission of the offense may be alleged and proved, in which case criminal negligence constitutes sufficient culpability, and the classification of the offense and the authorized sentence shall be determined by ORS 161.505 to 161.605 and 161.615 to 161.655."

offense is punishable by its terms as a misdemeanor, the state has the option to plead and prove a culpable mental state and thereby elevate the violation to a misdemeanor. ORS 161.105(3); *McNutt v. State of Oregon, supra.* In this case the complaint does not allege a culpable mental state.[5]

Remanded for resentencing for a violation under ORS 161.635(3).

---

[5] ORS 161.085(6) provides:

"(6) 'Culpable mental state' means intentionally, knowingly, recklessly or with criminal negligence as these terms are defined in subsections (7), (8), (9) and (10) of this section."