Argued and submitted March 5, reversed and remanded May 30, 1984

# STATE OF OREGON,
*Petitioner on Review,*

*v.*

# JOHN BENJAMIN HOLT,
*Respondent on Review.*

(No. B23372/G817MF; CA A28323; SC S30280)

681 P2d 1158

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for petitioners on review. With him on the briefs were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Jan Peter Londahl, Assistant Attorney General, Salem.

William Uhle, Oregon City, argued the cause and filed a brief for respondent on review.

LENT, J.

**LENT, J.**

This is a criminal prosecution for a breach of the wildlife laws. The issue on review is the same as in *State v. Cho,* 297 Or 195, 681 P2d 1152 (1984).

Defendant was charged with and convicted of the "illegal killing of a buck deer" in breach of a state statute or regulation.[1] The trial judge sentenced defendant to pay a $350 fine and $400 in restitution. He also ordered an 18-month suspension of defendant's hunting privileges.

Defendant appealed and alleged two errors by the trial judge: (1) the failure to instruct the jury that defendant must act with a culpable mental state to be guilty of the offense charged, and (2) the failure to instruct the jury on the defense of "mistake of fact." The Court of Appeals held the offense was punishable only as a violation (as opposed to a misdemeanor) and remanded for resentencing as a violation under ORS 161.635(3).[2] *State v. Holt,* 65 Or App 776, 672 P2d 375 (1983).

The state petitioned for review as in *State v. Cho,* 65 Or App 442, 671 P2d 1181 (1983), and *supra.*

OAR 635-65-760(8) is a rule promulgated pursuant to the wildlife laws, which does not expressly require a culpable mental state. A breach of OAR 635-65-760(8) is a Class A

---

[1] ORS 498.002 provides:

"Wildlife is the property of the state. No person shall angle for, hunt, trap or possess * * * any wildlife in violation of the wildlife laws or of any rule promulgated pursuant thereto."

OAR 635-65-760 provides:

"It is *Unlawful:*

"* * * * *

"(8) To take or attempt to take any game mammals, game birds, migratory waterfowl, or any protected wildlife species of any size or sex, or amount, by any method or weapon, during any time; or in any area not prescribed in these rules."

OAR 635-69-001, at the time applicable to the instant case, provided for an open season for eastern Oregon buck deer no longer than from October 2 through October 13, 1982. Fish & Wildlife Commission 37-1982, f. & ef. 6-25-82; renumbered from OAR 635-65-110. Defendant admits killing the deer on November 1, 1982.

[2] ORS 161.635(3) provides:

"A sentence to pay a fine for a violation shall be a sentence to pay an amount, fixed by the court, not exceeding $250."

misdemeanor. ORS 496.992(1). For the reasons we stated in *State v. Cho, supra,* we hold that in order to establish a person's guilt for breach of OAR 635-65-760(8), the state must prove that the person committed the proscribed act with a culpable mental state. The act must be committed either intentionally, knowingly, recklessly or with criminal negligence. *See* ORS 161.085(6)-(10). *See also* ORS 161.115(3). It was prejudicial error for the trial judge to refuse to instruct the jury that the crime charged required a culpable mental state.

The decision of the Court of Appeals and the judgment of the trial court are reversed, and this cause is remanded for a new trial.