Argued and submitted March 5, reversed May 30, 1984

STATE OF OREGON,
*Petitioner on Review,*

*v.*

CHANG HWAN CHO,
*Respondent on Review.*

(No. GB81-48; CA A23284; SC S30251)

681 P2d 1152

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the

Mountain, Jr., Solicitor General, and Jan Peter Londahl, Assistant Attorney General, Salem.

John Bennington, Assistant Public Defender, North Bend, argued the cause and filed a brief for respondent on review.

LENT, J.

.LENT, J.

This is a criminal prosecution for a breach[1] of the wildlife laws. The issue on review is whether a culpable mental state is an element of the offense charged. We hold that it is.

Defendant was charged with "offering to buy parts of game mammal, to wit; Bear," an alleged breach of ORS 498.022.[2] Defendant was convicted of offering to purchase the gall bladder of a bear and sentenced to pay a $525 fine. Defendant was also sentenced to 30 days in jail. The jail sentence was suspended and defendant was placed on probation for two years.

■ Defendant appealed, assigning error for the trial judge's denial of defendant's motion for a directed verdict because the state had failed to plead and prove a culpable mental state.[3] Defendant alternatively alleged that if the offense did not require a culpable mental state, it is a violation, not a misdemeanor, and he should have been sentenced accordingly. The Court of Appeals held that breach of the statute was a violation and remanded the case for resentencing. *State v. Cho,* 65 Or App 442, 671 P2d 1181 (1983).

The state petitioned for review, contending that although the offense had been pleaded and proved without a culpable mental state, sentencing for a misdemeanor was proper. The state also asserted that there was a clear indication of legislative intent to dispense with a culpable mental state requirement in wildlife offenses.

We discern two questions posed by the issue in this case. First, is a breach of this wildlife law a violation or a

---

[1] The term "breach" is used throughout this opinion to avoid confusion with the word "violation," which shall be used exclusively in this opinion to refer to a subset of the term "offense."

[2] ORS 498.022 provides:

"Except as the commission by rule may provide otherwise, no person shall purchase, sell or exchange, or offer to purchase, sell or exchange any wildlife, or any part thereof."

[3] The proper motion is for a judgment of acquittal, ORS 136.445; neither the state nor the trial judge was misled as to the legal issue presented, and we treat the motion actually made as being for judgment of acquittal.

crime?[4] Second, is a culpable mental state required for conviction of the offense?

The Oregon Criminal Code governs the construction and punishment of wildlife offenses. ORS 161.035(2). ORS 161.095(2) provides:

> "Except as provided in ORS 161.105, a person is not guilty of an offense unless he acts with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state."

ORS 161.105 provides:

> "(1)   Notwithstanding ORS 161.095, a culpable mental state is not required if:
>
> "(a)   The offense constitutes a violation, unless a culpable mental state is expressly included in the definition of the offense; or
>
> "(b)   An offense defined by a statute outside the Oregon Criminal Code clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any material element thereof.
>
> "(2)   Notwithstanding any other existing law, and unless a statute enacted after January 1, 1972, otherwise provides, an offense defined by a statute outside the Oregon Criminal Code that requires no culpable mental state constitutes a violation.
>
> "(3)   Although an offense defined by a statute outside the Oregon Criminal Code requires no culpable mental state with respect to one or more of its material elements, the culpable commission of the offense may be alleged and proved, in which case criminal negligence constitutes sufficient culpability, and the classification of the offense and the authorized sentence shall be determined by ORS 161.505 to 161.605 and 161.615 to 161.655."

ORS 161.115(2) provides:

> "Except as provided in ORS 161.105, if a statute defining an offense does not prescribe a culpable mental state, culpability is nonetheless required and is established only if a person acts intentionally, knowingly, recklessly or with criminal negligence."

---

[4] Both a violation and a crime are offenses. ORS 161.505. A crime is either a misdemeanor or a felony. ORS 161.515. A crime is a misdemeanor if it is so designated in a statute. ORS 161.545. Whether an offense is a violation or a crime is governed, in certain instances, by ORS 161.105(2).

The statute that defendant was convicted of breaching, ORS 498.022, is a wildlife law which does not expressly require a culpable mental state. The penalty for breaching that statute was enacted in 1973. ORS 496.992.[5] The legislature therein provided that a breach of a wildlife law was a misdemeanor, amended two years later to read "Class A misdemeanor." Or Laws 1975, ch 578, § 3. These statutes are outside the Oregon Criminal Code.

■■ Because these statutes were enacted after January 1, 1972, and are outside the Oregon Criminal Code, ORS 161.105(2) must be applied to determine whether the offense defined in these wildlife laws is a violation or a crime. That subsection is clear. The offense is a violation unless the legislature has otherwise provided. That is exactly what the legislature has done. It has provided that this offense is a Class A misdemeanor. That does not answer the question, however, as to whether a culpable mental state is an element to be pleaded and proved to establish a breach of these wildlife laws. We now turn to that question.

■ The general rule is that to be guilty of a crime a person must act with a culpable mental state. ORS 161.095(2). More specifically, a statute which defines a crime but does not prescribe a culpable mental state nonetheless requires culpability. ORS 161.115(2).[6] Neither ORS 161.095(2) nor 161.115(2) apply where ORS 161.105 otherwise provides. ORS 161.105(1)(a) is discussed in note 5, *supra,* and is not relevant to this case. ORS 161.105(1)(b) states that an offense (which includes a crime) which "clearly indicates a legislative intent

---

[5] ORS 496.992(1) provides in pertinent part:

"Except as otherwise provided by law, violation of any provision of the wildlife laws, or any rule promulgated pursuant thereto, is a Class A misdemeanor."

Note that the words "Class A" were added by the legislature in 1975. Or Laws 1975, ch 578, § 3. ORS 496.992(2), not applicable in the instant case, provides that the second and subsequent breaches of certain wildlife laws are Class C felonies.

[6] ORS 161.095(2) and 161.115(2) use the word offense, but also exempt offenses "as provided in ORS 161.105." ORS 161.105(1)(a) states that if an offense constitutes a violation, a culpable mental state is not required, unless expressly required by the definition of the offense. Thus, ORS 161.095(2) does not affect persons charged with a violation which is not defined as including a culpable mental state. For convenience, we have used the term "crime" to avoid this confusion. It is obvious that to be guilty of any offense defined to include a culpable mental state, culpability is required and must be proved by the state.

to dispense with any culpable mental state requirement" does not require a culpable mental state. ORS 161.105(1)(b) thereby provides an exception to both ORS 161.095(2) and 161.115(2). ORS 161.105(2) does not provide an exception to either ORS 161.095(2) or 161.115(2), because it does not address whether a culpable mental state is required.[7] There is only one way in Oregon to establish a crime outside the criminal code which does not require a culpable mental state. That is for the legislature to enact a statute, after January 1, 1972, which provides that an offense is not a violation, *and* for the offense to clearly indicate a legislative intent to dispense with the culpable mental state requirement.

The statutory scheme thus supports the legal maxim that to punish a person for a crime, the person must have acted with *mens rea* in breaching the terms of an offense. An expressed general purpose for the revised criminal code is to "* * * limit the condemnation of conduct as criminal when it is without fault." ORS 161.025(1)(d). The drafters of the criminal code, in sections now designated as ORS 161.095 through 161.115, have mandated that this principle is to have effect in statutes outside the criminal code, with the one exception noted above.

Oregon caselaw supports this legislative effort. *See State v. Wolfe,* 288 Or 521, 605 P2d 1185 (1980) (culpable mental state required in pre-1972 statute prohibiting inmate's possession or control of a weapon punishable by 20 years' imprisonment); *McNutt v. State of Oregon,* 295 Or 580, 668 P2d 1201 (1983) (breach of pre-1972 statute punishable as a violation even though legislature had designated it a misdemeanor).[8] The exception to the principle has also been upheld in an Oregon case. *See State v. Buttrey,* 293 Or 575, 651 P2d 1075 (1982) (driving while suspended statute, enacted in 1975

---

[7] *See State v. Buttrey,* 293 Or 575, 593, 651 P2d 1075 (1983) (Linde, J., dissenting):

"If the statute outside the criminal code does not clearly dispense with a culpable mental state in defining an offense, one of two consequences follows: the offense either constitutes a violation by virtue of ORS 161.105(2), or if a statute enacted after January 1, 1972, makes the offense a crime, then it nevertheless requires a culpable mental state by virtue of ORS 161.115(2)."

[8] *McNutt v. State of Oregon,* 295 Or 580, 668 P2d 1201 (1983), also held that under ORS 161.105(3), because the offense was pleaded and proved with a culpable mental state, defendant was properly punished as a misdemeanant.

as a crime, by establishing an affirmative defense related to culpability clearly indicated a legislative intent to dispense with a culpable mental state requirement and was punishable as a crime).

Because ORS 496.992 was enacted after January 1, 1972, a breach of ORS 498.022 is a Class A misdemeanor. A Class A misdemeanor is a crime. ORS 498.022 requires a culpable mental state unless there is a clear indication of legislative intent to dispense with culpability.

■    The mere enactment of a crime without an expressly required culpable mental state is insufficient to establish such a clear indication. The designation of an offense as a misdemeanor (or felony) invokes the potential of incarceration of offenders. As opposed to a violation, the heightened impact on the liberty interest of the alleged misdemeanant or felon provides support for a culpability requirement in crimes.

■ ■    The state argues that the legislature has indicated that wildlife laws represent a substantial government interest in the preservation of wildlife. ORS 496.012.[9] We agree but fail to see how this supports the state's allegation that ORS 498.022 and other wildlife laws are strict liability crimes. Oregon's substantial interest in the preservation of wildlife is not a clear indication of legislative intent to dispense with a culpable mental state requirement for a breach of a wildlife law. Likewise, the fact that "[w]ildlife is the property of the state," ORS 498.002, is not such a clear indication. Crimes

---

[9] ORS 496.012 provides:

"It is the policy of the State of Oregon that wildlife shall be managed to provide the optimum recreational and aesthetic benefits for present and future generations of the citizens of this state. In furtherance of this policy, the goals of wildlife management are:

"(1)  To maintain all species of wildlife at optimum levels and prevent the serious depletion of any indigenous species.

"(2)  To develop and manage the lands and waters of this state in a manner that will enhance the production and public enjoyment of wildlife.

"(3)  To permit an orderly and equitable utilization of available wildlife.

"(4)  To develop and maintain public access to the lands and waters of the state and the wildlife resources thereon.

"(5)  To regulate wildlife populations and the public enjoyment of wildlife in a manner that is compatible with primary uses of the lands and waters of the state and provides optimum public recreational benefits."

against property have traditionally required a culpable mental state, and do under present Oregon statutes.

■ The state contends that the simplified system of citation and complaint for a wildlife infraction indicates a legislative intent to dispense with a culpable mental state requirement for a breach of the wildlife laws. *See* ORS 153.705 to 153.765.[10] Assuming, *arguendo,* that that is some indication of legislative intent, we conclude that it falls short of "clearly" indicating that intent as the statute requires.

■ In summary, there is no clear indication of a legislative intent to dispense with a culpable mental state for a breach of a wildlife law designated as a crime. Therefore, to commit such a crime, a person must act with a culpable mental state.[11]

■ ■ A breach of ORS 498.022 is a Class A misdemeanor. In order to establish a person's guilt under this statute, the state must prove that the person committed the proscribed act with a culpable mental state. This could be done by proving that such person committed the act intentionally, knowingly, recklessly or with criminal negligence. *See* ORS 161.085(6)-(10). *See also* ORS 161.115(3). The state admittedly has not produced evidence that defendant acted with a culpable mental state; therefore, the trial court erred in denying defendant's motion for directed verdict based upon the state's failure to prove a culpable mental state. Given this result, even though the defendant did not petition for review, we believe that the judgment of the trial court should be reversed. We so order. ORAP 7.19(5).

The decision of the Court of Appeals and the judgment of the trial court are reversed.

---

[10] *See, e.g.,* ORS 153.720(2), which states that a complaint in an alleged breach of the wildlife laws is sufficient if it contains:

"A statement or designation of the offense in such manner as can be readily understood by a person making a reasonable effort to do so and the date, time and place at which the offense is alleged to have occurred."

[11] Because we have determined that breach of ORS 498.022 requires a culpable mental state, ORS 161.105(3) is inapplicable.