Argued and submitted September 19, reversed and remanded with instructions
November 12, 1986

## STATE OF OREGON,
*Respondent,*

*v.*

## MICHAEL DENNIS JONES, SR.,
*Appellant.*

(CR 85-03152, CR 85-03155; CA A39553 (Control), A39554)
(Cases Consolidated)

728 P2d 100

Michael V. Phillips, Eugene, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Keith L. Kutler, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant was convicted of unlawful possession of untagged deer parts in violation of ORS 498.002 and unlawful possession of closed season salmon in violation of ORS 509.011(2). Because we agree with his fourth assignment of error, we do not address the other three assignments.

Defendant owns a farm along the Siletz River in Lincoln County. Throughout the months preceding his arrest on the present charges, defendant was frequently absent from the farm for periods of up to a week at a time. While he was away, the farm was cared for by some of the other seven adults who lived on the property. For more than a month, the police had observed defendant's property from across the river and could see a dock, a house and outbuildings. Part of the surveillance was conducted with the aid of night vision devices. The police executed a search warrant which they had obtained on the basis of the surveillance.

The search of defendant's property resulted in seizure of untagged deer meat and salmon from a freezer inside the garage and from an inoperative freezer outside the garage. Defendant was cited for criminally negligent possession of closed season salmon and a game mammal, an untagged deer. Defendant was found guilty of both offenses, and the court entered a judgment accordingly.

Defendant assigns as error the trial court's denial of his motion in arrest of judgment, arguing that the charging instruments fail to state a crime.[1] He was charged with violation of ORS 509.011(2)(a), which provides: "It is unlawful to * * * possess * * * food fish unlawfully caught during a closed season," and of ORS 498.002, which provides: "No person shall * * * possess * * * any wildlife in violation of the wildlife laws or of any rule promulgated pursuant thereto." Violation of either statute is a crime. See ORS 496.992; 506.991.

Defendant was cited for each violation in a separate Oregon Uniform Game, Commercial Fish and Marine Citation and Complaint. One citation alleged that defendant

---

[1] Defendant's motion in arrest of judgment is in the nature of a demurrer and challenges the sufficiency of the complaint. ORS 136.500.

committed the offense of, "WITH CRIMINAL NEGLI-GENCE: illegal possession of game mammal to wit: untagged deer." The other alleged that defendant committed the offense of, "WITH CRIMINAL NEGLIGENCE: UNLAWFUL POSSESSION OF CLOSED SEASON SALMON: MORE THAN $200.00 'VALUE.' " The issue is whether there is such a crime as criminally negligent possession of fish and game. Defendant argues that criminal possession of wildlife requires a culpable mental state of knowledge and that criminal negligence is not enough.

■       Wildlife laws, the violation of which carry a criminal penalty, require a culpable mental state. *State v. Cho,* 297 Or 195, 681 P2d 1152 (1984). The wildlife statutes prohibiting possession are silent as to what mental state is required. The definition of "possess" does not assist us in determining the required mental element: "to have physical possession or otherwise to exercise dominion or control over property." ORS 161.015(8). Thus, a person could violate a possessory statute without a culpable mental state, but the breach of the statute would be merely a violation, not a crime. *See* ORS 161.095; 161.105.

■       Here, however, both alleged violations are criminal offenses, and a culpable mental state must be an element of the crime. *State v. Cho, supra.* The state apparently agrees that, at least when, as here, possession is constructive rather than actual, the necessary mental state is "knowing," not "criminal negligence." *See, e.g., State v. Wolfe,* 288 Or 521, 605 P2d 1185 (1980); *State v. Weller,* 263 Or 132, 501 P2d 794 (1972); *State v. Moore,* 14 Or App 268, 511 P2d 880 (1973). It nevertheless argues that the element of knowledge is implicit in the charge of possession and that the words "criminal negligence" in the complaints are mere surplusage and can be ignored. We disagree.

Knowledge is not implicit in a charge of criminal possession. This case is distinguishable from *State v. House,* 37 Or App 131, 586 P2d 388 (1978), on which the state relies for its surplusage argument. In *House,* the state alleged that the defendant "knowingly" attempted to commit theft. The statutory definitions of both attempt and theft include the requirement that the actions be intentional. We reasoned that the state's allegation of knowledge was mere surplusage that

did not effect the sufficiency of the complaint, because intent was implicit in both attempt and theft. Here, the wildlife statutes prohibiting possession do not specify a mental element, nor does possession, by definition, indicate the required culpable mental state. Thus, unlike in *House,* an accused cannot look up the definition of the crime in the statutes and thereby determine the mental state charged.

■■ Because the definition of the crime of possession of fish and game does not indicate the necessary mental state that the state must prove to convict, when the state charges a person with a possessory crime in reliance on constructive possession, it must allege the proper mental state so that the defendant has a fair opportunity to meet the charge. The purpose of the charging instrument is to notify the accused of the charges against which he must defend. This notice requirement can be based on the charging instrument plus the language of the relevant statute. *State v. Keys,* 25 Or App 15, 22, 548 P2d 205, *rev den* (1976). Here, the charging instruments cannot be supplemented by the statute to provide notice of the necessary mental elements, and they are thus insufficient to state the crimes.

■ The state cannot now be heard to argue that the charges of criminal negligence in each complaint may be ignored. Defendant was tried on the theory of criminally negligent possession, the case was argued on that theory and the jury was so instructed. The jury was not instructed that it must find that defendant acted knowingly, and we cannot assume that it so found. All we can know is that the jury found defendant criminally negligent. Because knowledge is an element of each offense and the jury had no opportunity to decide whether defendant's possession was knowing, the trial court erred in denying defendant's motion in arrest of judgment.

Reversed and remanded with instructions to enter order in arrest of judgment.