Argued and submitted June 27, reversed and remanded December 31, 1986

# STATE OF OREGON,
*Appellant,*

*v.*

# MICHAEL BERNARD HEUKER,
*Respondent.*

(K02390; CA A38544)

730 P2d 1258

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Allan D. Sobel, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Richardson and Rossman, Judges.

BUTTLER, P. J.

### BUTTLER, P. J.

On September 4, 1984, defendant was cited for the unlawful possession of steelhead trout.[1] The trial court sustained his demurrer and dismissed the charge on the ground that the unlawful possession of steelhead does not constitute an offense. We reverse and remand.

The state contends that defendant violated OAR 635-06-230, which provides:

> "Except as otherwise provided by law or rule, it shall be *unlawful* for any person to have in possession steelhead trout taken by any means other than angling." (Emphasis in original.)

Defendant argues that the mere possession of steelhead is not prohibited by ORS 509.031, which the state contends authorized the State Fish and Wildlife Commission to promulgate the regulation, and that, therefore, the commission exceeded the scope of its delegated rulemaking authority. In the alternative, he contends that the legislature unconstitutionally delegated to the commission its power to make and declare the law.[2]

ORS 509.031(1) instructs the commission to promulgate regulations to minimize the incidental catch of rainbow trout, including steelhead, by commercial fishers.[3] Subsection

---

[1] Defendant was charged as follows:

"That on the 20th day of September, 1984 at 10:25 o'clock AM * * * [defendant] committed the following offense:

"(with criminal negligence)

"Unlawful Possession Gamefish

"To wit: Steelhead

"In violation of state statute or regulation * * *."

[2] *See State v. Jones,* 82 Or App 388, 728 P2d 100 (1986), in which the defendant was charged with the same offense but raised a different question as to the sufficiency of the charging instrument.

[3] ORS 509.031(1) provides:

"It shall be the policy of the State of Oregon that rainbow trout, Salmo gairdneri, including steelhead trout are game fish, and shall be managed to provide recreational angling for the people and to protect wild native stocks. Recognizing that rainbow trout are sometimes intermingled with food fish, the commission shall regulate to minimize the incidental catch of rainbow trout that may be taken under subsection (2) of this section by commercial fishing gear, including but not limited to regulations as to season, gear and area."

(2) provides that steelhead taken as incidental catch may be possessed for the purpose of delivery to the state but may not be bought or sold within the state.[4] ORS 506.991(1) provides that

> "violation of any provision of the commercial fishing laws, or of any rule promulgated by the commission in carrying out the commercial fishing laws, is a Class A misdemeanor."

■ The regulation expressly excepts possession that is permitted by law or rule. Accordingly, possession alone is not a violation, as defendant contends. Prohibiting the possession of steelhead taken by means other than angling for a purpose other than delivery to the state provides a rational means of carrying out the directive set forth in ORS 509.031(1) by reducing the incentive to keep such fish. Therefore, because the violation of any regulation promulgated by the commission in carrying out ORS 509.031(1) is a Class A misdemeanor under ORS 506.991(1), the commission did not exceed the scope of its delegated authority when it declared that violating the prohibition set forth in OAR 635-06-230 constitutes an unlawful act. If the state does not prove that defendant possessed the steelhead for purposes other than to deliver it to the state, it will not prove a violation.

■ Defendant's contention that ORS 509.031 constitutes an unlawful delegation of the legislature's power to make and declare the criminal law is without merit.[5] The delegation of rulemaking authority is lawful if "the procedure established for the exercise of the power furnishes adequate *safeguards* to those who are affected by the administrative action." *Warren v. Marion County et al,* 222 Or 307, 314, 353 P2d 257 (1960). (Emphasis in original.) ORS 509.031 contains both a policy statement and a directive that is narrow in scope. ORS 506.119(2) provides that rules promulgated to carry out

---

[4] ORS 509.031(2) provides:

"Any rainbow trout, Salmo gairdneri, including steelhead trout taken as an incidental catch, by any person fishing commercially may be possessed for the purpose of delivery to the state but shall remain the property of this state and shall not be bought or sold within the state. Such fish shall be distributed to city, county, or state institutions within Oregon or to charitable organizations in such manner as the commission prescribes."

[5] Defendant relies on Article I, section 21, Article III, section 1, and Article IV, section 1, of the Oregon Constitution.

that directive shall be enacted in accordance with the provisions of the Administrative Procedures Act, ORS 183.310 to 183.550, which provides notice and appeal procedures with respect to the commission's actions. Adequate safeguards are, therefore, provided. *See also State v. Hudson House, Inc. et al,* 231 Or 164, 181, 371 P2d 675 (1962). There is no unlawful delegation of legislative power.

Reversed and remanded.