Argued and submitted December 11, 1986, affirmed April 22, reconsideration denied June 12, petition for review allowed by opinion August 24, 1987
See 304 Or 52 (1987)

## STATE OF OREGON,
*Respondent,*

*v.*

## TIMOTHY E. GUTHRIE,
*Appellant.*

(M673968; CA A40623)

735 P2d 1279

Phillip M. Margolin, Portland, argued the cause and filed the brief for appellant.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals his conviction for operating a motor vehicle without a PUC permit, ORS 767.105, contending that the trial court erred in denying his motion for judgment of acquittal.[1] We affirm.

The parties stipulated to the facts: The only witness to appear in the trial of this case was Lange, a Portland police officer. He had observed defendant driving a dump truck, on a public highway, loaded with gravel and pulling a trailer with an asphalt spreader. The officer noted that the truck had expired tags and did not have a PUC permit, as required by ORS 767.105. He stopped defendant and told him that the reason for the stop was the expired tags and the lack of a PUC permit. Defendant unsuccessfully searched the truck for a permit and explained to the officer that the truck belonged to his father, for whom he was working. The officer subsequently informed him of the need for a PUC permit and testified that defendant did not dispute this requirement.

Pursuant to ORS 136.445,[2] defendant filed a motion for judgment of acquittal at the close of the evidence, contending that the state had presented no evidence that he had intended to drive the truck without a PUC permit. The trial court denied the motion on the basis that (1) defendant's father owned the company and (2) defendant searched for a PUC permit in the truck. Defendant was convicted and fined $25.

ORS 767.105 provides:

"No person shall operate any motor vehicle, whether loaded or empty, on any highway in this state as a common carrier, contract carrier or private carrier in the transportation of persons or property without possessing, in addition to

---

[1] Defendant also contends that ORS 767.105 violates his rights under Article I, sections 1, 11, 16 and 20, of the Oregon Constitution and the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. We have considered defendant's argument and conclude that the statute is not unconstitutional.

[2] ORS 136.445 provides:

"In any criminal action the defendant may, after close of the state's evidence or of all the evidence, move the court for a judgment of acquittal. The court shall grant the motion if the evidence introduced theretofore is such as would not support a verdict against the defendant. The acquittal shall be a bar to another prosecution for the same offense."

any license required by any other law, a valid certificate or permit from the commissioner authorizing the proposed operation. Each operation of a motor vehicle in violation of this section is a separate violation, whether the prohibited operations occur within the same day or different days or relate to the same motor vehicle or different motor vehicles."

Although the statute specifies no requisite mental state, the case was tried under the assumption that a culpable mental state is an element of the offense. We conclude, however, that a culpable mental state is not an element of the offense.

 Whether a culpable mental state is an element of an offense is governed by the Oregon Criminal Code. ORS 161.035(2). ORS 161.095(2) provides:

"Except as provided in ORS 161.105, a person is not guilty of an offense unless the person acts with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state."

ORS 161.105 provides:

"(1) Notwithstanding ORS 161.095, a culpable mental state is not required if:

"(a) The offense constitutes a violation, unless a culpable mental state is expressly included in the definition of the offense; or

"(b) An offense defined by a statute outside the Oregon Criminal Code clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any material element thereof."

Therefore, proof of a culpable mental state is not required if the offense constitutes a violation, unless a culpable mental state is expressly included in the definition, or, if it is defined outside of the Oregon Criminal Code, the definition clearly indicates a legislative intent to dispense with a culpable mental state. *See State v. Cho,* 297 Or 195, 681 P2d 1152 (1984).

ORS 161.105(2) provides:

"Notwithstanding any other existing law, and unless a statute enacted after January 1, 1972, otherwise provides, an offense defined by a statute outside the Oregon Criminal Code that requires no culpable mental state constitutes a violation."

ORS 767.105 is outside the Oregon Criminal Code and does not expressly require a culpable mental state. However, ORS

153.500(10), which was enacted after 1972, provides that any traffic offense punishable by a jail sentence constitutes a traffic *crime.* A violation of ORS 767.105 is punishable by up to 90 days in jail. ORS 767.990. Accordingly, although ORS 767.105 itself designates the offense a violation, we conclude that, for the purpose of determining whether a culpable mental state is required, the offense constitutes a crime. *See State v. Cho, supra.* However, in designating the offense a violation rather than a crime, ORS 767.105 clearly indicates a legislative intent to dispense with any culpable mental state requirement. *See, e.g., State v. Buttrey,* 293 Or 575, 651 P2d 1075 (1982). Accordingly, we hold that a culpable mental state is not an element of the offense.

Affirmed.