Submitted on petitioner's petition for review filed May 21, 1987, review allowed, decision of Court of Appeals vacated and remanded to Court of Appeals for further proceedings August 24, 1987

STATE OF OREGON,
*Respondent on Review,*

*v.*

TIMOTHY E. GUTHRIE,
*Petitioner on Review.*

(TC M673968; CA A40623; SC S34027)

741 P2d 509

Phillip M. Margolin, Portland, filed the petition on behalf of the petitioner on review.

Douglas F. Zier, Assistant Attorney General, Salem, filed the response to petition on behalf of the respondent on review. With him on the response were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General and Stephen F. Peifer, Assistant Attorney General, Salem.

## MEMORANDUM OPINION

This is a criminal case in which defendant was convicted of Failure to Possess a Public Utility Commission (PUC) Permit for a Truck, ORS 767.105. He appealed on the ground that there was no evidence of a culpable mental state, citing ORS 161.095(2) and 161.105.

The state, in its brief, agreed that it was necessary to establish a culpable mental state, but argued that the evidence was sufficient to do so.

The Court of Appeals affirmed defendant's conviction, but on the ground that no culpable mental state need be proved under the pertinent statute. *State v. Guthrie,* 85 Or App 164, 735 P2d 1279 (1987).

ORS 161.095(2) provides:

"Except as provided in ORS 161.105, a person is not guilty of an offense unless the person acts with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state."

ORS 161.105 provides, in relevant part:

"(1) Notwithstanding ORS 161.095, a culpable mental state is not required if:

"(a) The offense constitutes a violation, unless a culpable mental state is expressly included in the definition of the offense; or

"(b) An offense defined by a statute outside the Oregon Criminal Code clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any material element thereof.

"(2) Notwithstanding any other existing law, and unless a statute enacted after January 1, 1972, otherwise provides, an offense defined by a statute outside the Oregon Criminal Code that requires no culpable mental state constitutes a violation."

Applying the foregoing rules, as construed by this court in *State v. Cho,* 297 Or 195, 681 P2d 1152 (1984), the Court of Appeals found that ORS 767.105 is outside the Oregon Criminal Code and does not expressly require a culpable mental state. The court noted, however, that a violation of ORS 767.105 is punishable by up to 90 days in jail. ORS

767.990. Under ORS 153.500(10), any traffic offense punishable by a jail sentence is considered a crime. Nonetheless, the Court of Appeals concluded that, by its own language, ORS 767.105 had been designated by the legislature as a "violation," thereby clearly indicating a legislative intent to dispense with any culpable mental state requirement. 85 Or App at 167-68. The Court of Appeals apparently based its conclusion on the language of the second sentence of the statute, which provides:

> "Each operation of a motor vehicle in *violation* of this section is a separate *violation,* whether the prohibited operations occur within the same day or different days or relate to the same motor vehicle or different motor vehicles." (Emphasis supplied.)

We disagree. As argued in the petition for review (and conceded in the response filed at this court's request by the state), the word "violation" in ORS 767.105 is not intended to designate the kind of offense; rather, it is intended to refer to each instance in which the provision of the statute is *violated* — the other sense in which the word "violation" is commonly used. Thus, the Court of Appeals erred in affirming defendant's conviction on the theory it chose. Its decision must be vacated, and the case remanded to the Court of Appeals to consider defendant's claim concerning the sufficiency of the evidence, an issue as to which we express no opinion.[1]

Petition for review allowed. The decision of the Court of Appeals is vacated, and the case is remanded to the Court of Appeals for further proceedings consistent with this opinion.

---

[1] We decline review of the Court of Appeals ruling that defendant's various challenges to the statute on constitutional grounds were not well taken. *State v. Guthrie,* 85 Or App 164, 166 n 1, 735 P2d 1279 (1987).