STATE OF OREGON,
*Respondent,*

*v.*

TIMOTHY E. GUTHRIE,
*Appellant.*

(M673968; CA A40623)

745 P2d 805

Phillip M. Margolin, Portland, for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Douglas F. Zier, Assistant Attorney General, Salem, for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

Rossman, J., dissenting.

## WARREN, J.

This criminal case is before us on remand from the Supreme Court. *State v. Guthrie,* 304 Or 52, 741 P2d 509 (1987). Defendant appealed his conviction for failure to possess a Public Utility Commission permit for a truck. ORS 767.105.[1] In our opinion, 85 Or App 164, 735 P2d 1279 (1987), we affirmed the conviction on the ground that the state was not required to prove a culpable mental state. The Supreme Court held that the legislature had not indicated a clear intent to dispense with any culpable mental state requirement and remanded for us to consider defendant's claim that the state introduced no evidence that he intended to drive the truck without a PUC permit.

The parties stipulated to the facts, which we repeat from our earlier opinion:

"The only witness to appear in the trial of this case was Lange, a Portland police officer. He had observed defendant driving a dump truck, on a public highway, loaded with gravel and pulling a trailer with an asphalt spreader. The officer noted that the truck had expired tags and did not have a PUC permit, as required by ORS 767.105. He stopped defendant and told him that the reason for the stop was the expired tags and the lack of a PUC permit. Defendant unsuccessfully searched the truck for a permit and explained to the officer that the truck belonged to his father, for whom he was working. The officer subsequently informed him of the need for a PUC permit and testified that defendant did not dispute this requirement." *State v. Guthrie, supra,* 85 Or App at 166.

At the close of the evidence, defendant moved for a judgment of acquittal. The court denied the motion on the basis of two factual findings: (1) defendant's father owned the company for which defendant worked; and (2) defendant searched for a permit in the truck.

---

[1] ORS 767.105 provides:

"No person shall operate any motor vehicle, whether loaded or empty, on any highway in this state as a common carrier, contract carrier or private carrier in the transportation of persons or property without possessing, in addition to any license required by any other law, a valid certificate or permit from the commissioner authorizing the proposed operation. Each operation of a motor vehicle in violation of this section is a separate violation, whether the prohibited operations occur within the same day or different days or relate to the same motor vehicle or different motor vehicles."

A motion for judgment of acquittal required the trial court to determine whether the evidence, viewed in the light most favorable to the state, is sufficient to justify a rational factfinder in finding, beyond a reasonable doubt, that defendant intended to drive without a PUC permit. *See State v. Garcia,* 288 Or 413, 421, 605 P2d 671 (1980); *State v. Krummacher,* 269 Or 125, 137, 138, 523 P2d 1009 (1974). We conclude that it is not.

It cannot reasonably be inferred that defendant intentionally drove without a PUC permit from the fact that he was employed by his father. Similarly, his intent cannot reasonably be inferred from the fact that he searched for the permit in the truck after the police officer informed him that the absence of the permit was the reason that he was stopped. On the contrary, the search is more consistent with an inference that defendant believed that he had a permit. We hold that the trial court erred in denying defendant's motion for judgment of acquittal.

Reversed.

**ROSSMAN, J.,** dissenting.

I dissent.

The majority correctly states that the scope of our review is whether the evidence, viewed in the light most favorable to the *state,* is sufficient to permit a rational fact finder to conclude that defendant intended to drive without a PUC permit. The majority then incorrectly concludes that no reasonable jury could infer from the facts that defendant's actions show such intent. I respectfully disagree.

Defendant's father owned the company for which he drove. It would not be an unreasonable jury which would infer that an individual who works for a parent who owns a commercial trucking company knows that commercial trucks require PUC permits. Neither would it be unreasonable for a jury to infer from defendant's search of the truck that he knew what he was looking for and that he was required to have a permit. He made the search without questioning the officer who stopped him as to what a PUC permit was and before the officer made any explanation that one was needed.

The majority appears to be requiring a confession as a

necessary precursor to a finding of guilty in this type of offense. It would be an unusual defendant indeed who would volunteer to the officer that he knew that he did not have a required PUC permit. The state may simply prove a defendant's intention from inferences which arise from the event. *See State v. Mitchell,* 48 Or App 485, 617 P2d 298 (1980). The inferences which proved defendant guilty reasonably arise from the facts. I believe that the majority usurps the role of the jury in concluding otherwise and in the process elevates this relatively minor offense to the level of a specific intent crime.