Argued and submitted January 25, affirmed August 6, 2008

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## EDWARD BRYAN, JR.,
*Defendant-Appellant.*

### Clackamas County Circuit Court
CR0500541; A128743

190 P3d 470

David J. Celuch argued the cause and filed the brief for appellant.

Mary H. Williams, Solicitor General, argued the cause for respondent. With her on the brief was Hardy Myers, Attorney General.

Before Landau, Presiding Judge, and Ortega, Judge, and Rosenblum, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for three counts of witness tampering. ORS 162.285. He assigns error to the trial court's denial of his motion for a judgment of acquittal, arguing that the evidence was insufficient to prove that defendant had tampered with a "witness in an official proceeding" at the time his conduct occurred. We affirm.

The relevant facts are undisputed. Defendant was arrested for sexual abuse; the victim was his girlfriend's daughter. On December 24, while in custody, defendant telephoned his girlfriend. He told her that the victim was not permitted to play with his video games while he was in custody. Defendant called again on December 25 and told his girlfriend not to give the victim the Christmas gifts that defendant had bought for her. During another call, on December 26, defendant told his girlfriend that the victim would end up in a foster home if she persisted in her allegations of abuse.

On December 29, the victim testified before a grand jury regarding the allegations. Because the victim had agreed to testify, she was never subpoenaed. The grand jury returned an indictment against defendant for two counts of first-degree sexual abuse. On January 2, when defendant again called his girlfriend, the victim answered the telephone. Defendant said, "I have enough on you to put," before being cut off.

The state then charged defendant with four counts of tampering with a witness, one for each of those four phone calls. In its indictment, the state alleged that defendant "did unlawfully and knowingly attempt to induce [the victim], *a witness in an official proceeding*, to offer false testimony and withhold testimony unlawfully." (Emphasis added.)

The trial court consolidated the sexual abuse and witness tampering cases, and defendant was tried to the court. At the close of the state's evidence, defendant moved for a judgment of acquittal on all counts, which the trial court denied.[1] In his closing argument, defendant asserted that the

---

[1] Defendant actually moved for a directed verdict. The trial court appears to have treated that motion as a motion for a judgment of acquittal and applied that

state had failed to prove what it had alleged with regard to the witness tampering charges—namely, that the victim was actually a witness at the time of the phone calls. The court acquitted defendant of the sexual abuse charges. Defendant, however, was convicted of three counts of tampering with a witness, relating to the December 25, December 26, and January 2 telephone calls.

On appeal, defendant argues that his motion for a judgment of acquittal should have been granted because the state presented no evidence that the victim was a "witness in an official proceeding," as alleged in its indictment. Defendant contends that a person is not a "witness" within the meaning of the witness tampering statute until he or she has testified or, at the least, has been subpoenaed to testify. At oral argument, defendant conceded that the victim was a witness within the meaning of the statute at the time of the January 2 call, which occurred three days after she testified before the grand jury. With regard to the two calls made before the victim's grand jury testimony, however, defendant maintains that the victim was not a witness at the time the calls were made, because she had yet to give testimony and had not received a subpoena.

The state responds that the scope of the term "witness," as used in the witness tampering statute, is broad enough to prohibit defendant's conduct. The state disagrees that a person is a witness only after he or she gives testimony. The state also disagrees that a person who has yet to testify must have been subpoenaed to be considered a "witness," because the statute says nothing about a subpoena. Further, the state notes, because the victim had voluntarily agreed to participate, a subpoena was unnecessary in this case; the state insists that the legislature intended such a person to be protected under the statute just as if he or she had been subpoenaed.

■ In reviewing the denial of a motion for a judgment of acquittal, we view the evidence in the light most favorable to

standard. Neither party is making an issue of that on appeal. Because neither the parties nor the court appear to have been confused as to the legal issue presented, it is appropriate for us to treat defendant's motion as a motion for a judgment of acquittal. *See State v. Cho*, 297 Or 195, 197 n 3, 681 P2d 1152 (1984) (so stating).

the state to determine whether a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). In this case, ORS 162.285(1) defines the relevant offense:

"A person commits the crime of tampering with a witness if:

"(a) The person knowingly induces or attempts to induce a witness or a person the person believes may be called as a witness in any official proceeding to offer false testimony or unlawfully withhold any testimony; or

"(b) The person knowingly induces or attempts to induce a witness to be absent from any official proceeding to which the person has been legally summoned."

Defendant was convicted under paragraph (a) for conduct directed toward "a witness in an official proceeding," as alleged in the indictment.

To determine whether a rational trier of fact could have determined that defendant tampered with a "witness," we must construe the statute to ascertain the meaning of that term intended by the legislature that enacted it, employing the interpretive methodology described in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). We first examine the text of the statute in its context and, if necessary, its legislative history and canons of statutory construction. *Id.* at 610-12. Prior construction of a statute by this court is always relevant to our analysis of the statute's text. *Waite v. Dempsey*, 203 Or App 136, 141, 125 P3d 788 (2005).

The statute provides no definition of the term "witness." Nor is a general definition of "witness" included anywhere in the criminal code. In the absence of a statutory definition, we assume that the legislature intended words of common usage to have their ordinary meanings. *State v. Murray*, 340 Or 599, 604, 136 P3d 10 (2006). We turn then to the dictionary definition of the term "witness." *See State v. Goddard*, 178 Or App 538, 542, 37 P3d 1046, *rev den*, 334 Or 121 (2002) (looking to the dictionary for the ordinary meaning of the statutory term "to witness").[2]

---

[2] Since the briefing and oral argument in this case, we have had the opportunity to construe ORS 162.285(1)(a) in *State v. Bailey*, 219 Or App 526, 183 P3d 232

Ordinarily, a "witness" is "one that gives evidence regarding matters of fact under inquiry; *specif* : one who testifies or is legally qualified to testify in a cause or to give evidence before a judicial tribunal or similar inquiry." *Webster's Third New Int'l Dictionary* 2627 (unabridged ed 2002).

The term "witness," as used in ORS 162.285(1)(a), is modified by the phrase "in any official proceeding." The statute defines "official proceeding" as "a proceeding before any judicial, legislative or administrative body or officer, wherein sworn statements are received, and includes any referee, hearing examiner, commissioner, notary or other person taking sworn statements in connection with such proceedings." ORS 162.225(2).

Taken together, the ordinary meaning of the term "witness" and the qualifying phrase "in any official proceeding" suggest that the legislature likely intended the term "witness," as it is used in ORS 162.285(1)(a), to mean a person who actually testifies *or* who is qualified to testify—and, presumably, has yet to do so—before a judicial, legislative, or administrative body or officer. The wording, by itself, does not appear to require—as defendant suggests—that the person either have actually testified or have been subpoenaed to testify. To the contrary, the statute provides that, to be guilty of witness tampering, a defendant must "induce[ ] or attempt[ ] to induce a witness * * * *to offer false testimony or unlawfully withhold any testimony*." (Emphasis added.) If a person is a witness only after he or she has given testimony, it would be an unusual scenario in which ORS 162.285(1)(a) would ever be violated by conduct directed at a witness.

Context lends support to our reading of the phrase at issue. ORS 162.285(1)(b) also employs the noun "witness,"

---

(2008). The issue in that case was whether the defendant was guilty of tampering with a witness when he attempted to dissuade his stepdaughter, who knew that he had committed a theft, from filing a report with the police. *Id.* at 528. The defendant argued that he could not be convicted of tampering with a witness for conduct that occurred when no official proceeding was actually pending. *Id.* at 529. We rejected that argument, concluding that, because the legislature chose to include the phrase "or a person the person believes may be called as a witness," the statute was broad enough to include potential future proceedings. *Id.* at 533-34. In this case, the issue is whether defendant's conduct was directed toward "a witness in an official proceeding." Consequently, the issue in this case is the meaning of the term "witness," which we did not construe in *Bailey*.

and that paragraph prohibits a person from "induc[ing] or attempt[ing] to induce a *witness* to be absent from any official proceeding *to which the person has been legally summoned.*" (Emphasis added.) If the meaning of the term "witness" is, as defendant asserts, a person who has been subpoenaed, the phrase "to which the person has been legally summoned" would be unnecessary. We are constrained "not * * * to omit what has been inserted," ORS 174.010, and, accordingly, we cannot simply ignore the legislature's inclusion of that phrase. There is no indication that the legislature intended the term "witness" to have a different meaning in paragraph (a) than in paragraph (b).

In that regard, the Supreme Court's construction of a similarly worded statute is instructive. In *State v. Maney*, 297 Or 620, 688 P2d 63 (1984), the court addressed the meaning of the aggravated murder statute, which defines the offense as murder committed under, or accompanied by, any of a number of listed circumstances, including that the victim was "[a] juror or witness in a criminal proceeding," ORS 163.095(2)(a)(E). The defendant argued that, to qualify as a "witness in a criminal proceeding," the victim must have actually testified or at least have been subpoenaed to testify. *Maney*, 297 Or at 624. The court rejected that reading of the statute. *Id.* at 625. The court explained that the obvious purpose of the statute was to protect the criminal justice system. *Id.* at 624. According to the court,

> "[a] construction of this phrase to include someone who has not yet testified, but who, because of his or her knowledge of the crime is expected to do so, harmonizes with the broad legislative purpose to protect the criminal justice system. It is equally heinous (and perhaps more advantageous from a defendant's viewpoint) to murder someone with knowledge of the material facts of a crime, who is likely to be called to testify, before the person has the opportunity to do so. Such an interpretation is consonant with the legislative purpose to establish mandatory minimum sentences for murders which interfere with the effective operation of the criminal justice system.
>
> "* * * * *
>
> "We reject [the] defendant's argument that one is not a 'witness' until one is served with a subpoena to testify in a

pending criminal proceeding. While the criminal code contains no general definition of 'witness,' several statutes relating to criminal trials suggest that the status of being a witness is *antecedent* to the process of being subpoenaed. ORS 136.555 defines 'subpoena' as '[t]he process by which attendance of a witness before a court or magistrate is required.' ORS 136.557 authorizes a magistrate before whom an information is laid or complaint made to issue subpoenas for witnesses within the state. The Uniform Act to Secure Attendance of Witnesses from Without a State in Criminal Proceedings defines a witness under that act to 'include a person whose testimony is desired in any proceeding or investigation by a grand jury or in a criminal action, prosecution or proceeding.' ORS 136.623(1). Similarly, ORS 136.607 provides that persons deemed 'material witnesses' on behalf of the state can be required to give written undertakings to ensure that they will appear and testify at trial or before a grand jury. These statutes support our conclusion that the term 'witness in a criminal proceeding' includes someone who has not yet been subpoenaed, but whose testimony is desired in a criminal proceeding or a grand jury investigation."

*Maney*, 297 Or at 624-25 (footnotes omitted; emphasis in original).

Interestingly, in a footnote, the court noted the existence of the witness tampering statute at issue in this case and the fact that it prohibits tampering either with a "witness * * * in any official proceeding" or a "person [the defendant] believes may be called as a witness in any official proceeding." The court suggested that the phrasing in that alternative fashion "could" be the basis for an argument that "witness * * * in any official proceeding" has a different meaning than the one the court derived from the aggravated murder statute, namely, that it refers only to a person who has actually testified or has been subpoenaed to testify. *Id.* at 625-26 n 7. Beyond suggesting the *possibility* of such an argument, however, the court expressed no opinion on that matter. *Id.*

In our view, the court's reasoning in *Maney* seems directly applicable to the construction of the nearly identical phrase in ORS 162.285(1)(a). In particular, the court's reliance on the definitions of the term "witness" in other related

statutes—statutes that, by the way, were in existence at the time that ORS 162.285(1)(a) was enacted and of which the legislature presumably was aware, *Stull v. Hoke*, 326 Or 72, 79-80, 948 P2d 722 (1997)—would seem to be equally applicable to this case, leading to the conclusion that the legislature intended ORS 162.285 to apply to "someone who has not yet been subpoenaed, but whose testimony is desired" in an official proceeding.

The statute's legislative history supports that conclusion. ORS 162.285 was enacted in 1971 as part of the revision of the criminal code. The official commentary that accompanied the revision provides that "[i]t is not a violation of [ORS 162.285] to persuade a witness to lawfully refuse to testify on grounds of personal privilege or to induce a witness to avoid *process* by leaving the jurisdiction of the court." Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 203, 202 (July 1970) (emphasis in original). Had the legislature intended the term "witness" to refer only to a person who has already testified, the legislature would not have stated that it does not violate the statute to "persuade a *witness* to lawfully *refuse to testify* on grounds of personal privilege." (Emphases added.) Similarly, had the legislature intended the term "witness" to be a person who has already been served with process, the legislature would not have stated that it is not a violation of the statute for a person to "induce a *witness to avoid process* by leaving the jurisdiction of the court." (Emphases added.) Instead, it appears that the legislature intended the term to have its ordinary meaning, that is, to include a person whose testimony will be given in the future.

In short, we reject defendant's contention that the term "witness" in ORS 162.285(1)(a) is limited to a person who either has already testified or has been subpoenaed to give testimony.

Turning to the evidence in this case, the victim was a "witness" at the time of the phone calls. Defendant placed those calls after he had been arrested and taken into custody on the basis of the victim's report of sexual abuse. For the

state successfully to prosecute based on that report, the victim may desirably be requested to provide testimony regarding her allegations. Accordingly, the evidence provided by the state at trial was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant had attempted to induce a "witness" to either give false testimony or withhold testimony in an official proceeding. The trial court did not err in denying defendant's motion for a judgment of acquittal.

Affirmed.