**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ORLANDO VASQUEZ-VALLE, AKA Louis Antonio Contreras, *Petitioner*, | No. 13-74213 |
| v. | Agency No. A205-671-593 |
| JEFFERSON B. SESSIONS III, Attorney General, *Respondent.* | OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 7, 2018
Seattle, Washington

Filed August 10, 2018

Before: Raymond C. Fisher, Ronald M. Gould,
and Richard A. Paez, Circuit Judges.

Opinion by Judge Gould

# SUMMARY[*]

## Immigration

The panel granted Orlando Vasquez-Valle's petition for review of the Board of Immigration Appeals' decision that he was ineligible for cancellation of removal, holding that: (1) Vasquez-Valle's conviction for witness tampering under Oregon Revised Statutes § 162.285 is not categorically a crime involving moral turpitude; and (2) while the statute is divisible, the subsection under which Vasquez-Valle was convicted is not a categorical match for a crime involving moral turpitude.

The panel concluded that the BIA's determination that Oregon Revised Statutes § 162.285 is a crime involving moral turpitude did not warrant deference under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), because the BIA's analysis directly conflicted with this court's case law and was inconsistent both internally and with prior BIA decisions. The panel thus reviewed the BIA's decision *de novo*.

The panel observed that there are two categories of crimes involving moral turpitude: those involving fraud and those involving grave acts of baseness or depravity. Applying that generic definition to the plain text of the statute, the panel held that Oregon Revised Statutes § 162.285 is not categorically a crime involving moral turpitude because the statute captures conduct that is neither fraudulent nor base, vile, or depraved. The panel further

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

noted that Oregon case law reveals numerous instances where defendants were convicted under the statute for conduct that does not satisfy the generic definition.

The panel also held that the statute is divisible because its subsections criminalize different conduct and require different elements for conviction. Applying the modified categorical approach, the panel concluded that Vasquez-Valle was convicted under subsection (b) (knowingly inducing or attempting to induce a witness to be absent from any official proceeding to which the person has been legally summoned). However, the panel concluded that, for the same reasons it had discussed, subsection (b) is not a categorical match for a crime involving moral turpitude.

## COUNSEL

Kristin Kyrka (argued), Seattle, Washington; Vicky Dobrin and Hilary Han, Dobrin & Han PC, Seattle, Washington; for Petitioner.

Jennifer A. Singer (argued), Trial Attorney; Russell J.E. Verby, Senior Litigation Counsel; Joyce R. Branda, Acting Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## **OPINION**

GOULD, Circuit Judge:

Orlando Vasquez-Valle ("Vasquez-Valle") is a native and citizen of Mexico. He was convicted of witness tampering in violation of Oregon Revised Statutes § 162.285 and was referred for immigration proceedings. Vasquez-Valle conceded removability but argued that he was eligible for cancellation of removal. The Immigration Judge ("IJ") held, and the Board of Immigration Appeals ("BIA") affirmed, that Vasquez-Valle was ineligible for cancellation of removal because his conviction for witness tampering was a crime involving moral turpitude ("CIMT"). We conclude that Oregon Revised Statutes § 162.285 is not categorically a crime involving moral turpitude because the statute captures conduct that is neither fraudulent nor base, vile, or depraved. And while we conclude that the statute is divisible, the subsection that formed the basis for Vasquez-Valle's conviction—§ 162.285(1)(b)—is likewise not a categorical match for a crime involving moral turpitude. We therefore grant Vasquez-Valle's petition and remand to the agency for further proceedings consistent with this opinion.

## **I.**

Vasquez-Valle has lived in the United States for twenty years. He is married to a U.S. citizen, and they have two U.S. citizen children.

Vasquez-Valle pled guilty to tampering with a witness in violation of Oregon Revised Statutes § 162.285 and was

sentenced to two years of supervised probation.**[1]**  Three days after entering his guilty plea, Vasquez-Valle was transferred to the custody of the Department of Homeland Security, which issued a Notice to Appear alleging that he was removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) because he was present in the United States without admission or parole and because he was convicted of a CIMT in violation of 8 U.S.C. § 1182(a)(2)(A)(i)(I).  Vasquez-Valle, through counsel, conceded removability based on his presence without admission or parole but denied that he committed a CIMT.  Vasquez-Valle therefore argued that he was eligible for cancellation of removal under 8 U.S.C. § 1229b(b).

The IJ sustained the government's charge that Vasquez-Valle was removable, and concluded he was not eligible for cancellation of removal because his prior conviction was for a CIMT.  The IJ found that the witness tampering statute "closely aligns with other cases the BIA has found to qualify as a crime involving moral turpitude and therefore categorically qualifies as a crime involving moral turpitude." The IJ concluded that witness tampering was more analogous to obstruction of justice than to misprision of felony—the latter of which we held to not be a CIMT in *Robles-Urrea v. Holder*, 678 F.3d 702 (9th Cir. 2012)— because there was a specific intent to interfere with the process of justice.  The IJ found that to commit a CIMT, one need only intentionally obstruct a government function. Vasquez-Valle was removed to Mexico but reserved his right to appeal the IJ's decision.

---

**[1]** Vasquez-Valle was also convicted of coercion-constituting domestic violence, but because that conviction does not form the basis for his removal proceedings, it is not pertinent to this appeal.

On appeal, the BIA concluded that Vasquez-Valle's witness tampering conviction was a CIMT, analogizing it to federal obstruction of justice offenses. The BIA largely adopted the IJ's reasoning, noting that the Board had previously found that "offenses that impair and obstruct the lawful function of government by defeating its efficiency or destroying the value of its operations by graft, trickery, or dishonest means involve moral turpitude." The BIA agreed with the IJ's conclusion that the Oregon offense "evinces a corrupt intent to influence official action by tampering with a witness." The BIA further concluded that the statute was not divisible and that the statute was not overbroad, adopting the IJ's determination that "though the Oregon statute is bifurcated, and the type of tampering involved differs, the two separate provisions prohibit the intentional interference with important government functions." Without any citation to Oregon case law, the BIA interpreted the word "knowingly" in Oregon Revised Statutes § 162.285 to mean that a conviction under the statute required a showing that the defendant was "conscious of wrongdoing" and "wrongfully persuaded" another to offer false testimony, withhold testimony, or be absent from a proceeding. Citing *State v. Bailey*, 213 P.3d 1240, 1243 n.2 (Or. 2009), the BIA noted that the Oregon statute does not criminalize attempts to induce a person to exercise their lawful right or privilege not to testify, or to induce a person to avoid service of process by leaving the jurisdiction. The BIA agreed with the IJ that the statute was a CIMT because it requires an "implicit evil intent . . . to intentionally and wrongfully disrupt a necessary lawful function of government."

## II.

We apply a two-step process when determining whether a conviction under a criminal statute is categorically a

CIMT. *Castrijon-Garcia v. Holder*, 704 F.3d 1205, 1208 (9th Cir. 2013). First, we identify the elements of the statute of conviction. *Id.* We review the first step *de novo* because the BIA "'has no special expertise by virtue of its statutory responsibilities in construing state or federal criminal statutes.'" *Id.* (quoting *Uppal v. Holder*, 605 F.3d 712, 714 (9th Cir. 2010)).

Second, we "compare the elements of the statute of conviction to the generic definition of a crime of moral turpitude and decide whether the conviction meets that definition." *Id.* Because the BIA has expertise in making this determination, we defer to its conclusion if warranted under either *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984) or *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). *Id.* *Chevron* deference applies "if the decision is a published decision (or an unpublished decision directly controlled by a published decision interpreting the same statute)," while *Skidmore* deference governs "if the decision is unpublished (and not directly controlled by any published decision interpreting the same statute)." *Id.* (quoting *Uppal*, 605 F.3d at 714). If neither applies, we review *de novo*. *Escobar v. Lynch*, 846 F.3d 1019, 1025 (9th Cir. 2017). Because the BIA decision here was unpublished and was not controlled by any published BIA decision, we apply *Skidmore* rather than *Chevron*.

"Under *Skidmore,* the measure of deference afforded to the agency 'depends upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.'" *Uppal*, 605 F.3d at 715 (quoting *Skidmore*, 323 U.S. at 140). Applying this standard, we conclude that

the BIA's analysis does not warrant deference. Although the BIA's analysis was fairly extensive, it directly conflicted with prior Ninth Circuit case law and was inconsistent both internally and with prior BIA decisions. *See id.* Specifically, the BIA's decision here relied on the same definition of a CIMT—"contrary to justice, honesty, principle, or good morals"—that we have previously explicitly rejected. *See Escobar*, 846 F.3d at 1025. The BIA also unpersuasively analogized the Oregon offense to dissimilar federal obstruction of justice offenses, and relied on federal common law—rather than Oregon law— interpretations of the term "knowing" to arrive at its conclusion. We therefore review *de novo*.

## III.

Vasquez-Valle contends that Oregon Revised Statutes § 162.285 is not a categorical match to a CIMT because the minimum conduct necessary for a conviction is not fraudulent or base, vile, or depraved. Vasquez-Valle also argues that the IJ erred by concluding that Oregon Revised Statutes § 162.285 was not divisible. We agree on both points.

## A.

We determine whether a conviction qualifies as a CIMT by applying the categorical approach and, if necessary, the modified categorical approach. *Galeana-Mendoza v. Gonzalez*, 465 F.3d 1054, 1057–58 (9th Cir. 2006). "Under the categorical approach, we look only to the fact of conviction and the statutory definition of the prior offense, and determine whether the full range of conduct proscribed by the statute constitutes a crime of moral turpitude." *Id.* (internal quotation marks and citation omitted). If it does not, we apply the modified categorical approach, which

permits us to look beyond the language of the statute to documents that are part of the record of conviction, but not to the particular facts underlying the conviction. *Id.* at 1058.

There are two categories of CIMTs: "those involving fraud and those involving grave acts of baseness or depravity." *Rivera v. Lynch*, 816 F.3d 1064, 1074 (9th Cir. 2016) (internal quotation marks and citations omitted); *Latter-Singh v. Holder*, 668 F.3d 1156, 1161 (9th Cir. 2012) ("Although the immigration statutes do not specifically define offenses constituting crimes involving moral turpitude, a crime involving moral turpitude is generally a crime that '(1) is vile, base, or depraved and (2) violates accepted moral standards.'" (quoting *Saavedra-Figueroa v. Holder*, 625 F.3d 621, 626 (9th Cir. 2010))). To show that the stated offense is broader than the generic definition of a CIMT and thus not a categorical match, the petitioner must demonstrate that there is "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of moral turpitude." *Turijan v. Holder*, 744 F.3d 617, 620 (9th Cir. 2014) (quoting *Nunez v. Holder*, 594 F.3d 1124, 1129 (9th Cir. 2010)). "If the statute has been applied in at least one previous case to conduct that does not satisfy the generic definition, then the offense is not a categorical CIMT." *Id.* at 620–21.

The BIA concluded that an intent to interfere with a government function is sufficient to constitute a CIMT. The BIA further concluded that Oregon witness tampering was "contrary to justice, honesty, principle, or good morals." But under our precedent, neither of those definitions is the correct standard for determining whether an offense is a CIMT. Contrary to the BIA's determination, we conclude that Oregon Revised Statutes § 162.285 is overbroad

because the minimum conduct it criminalizes is not necessarily fraudulent, base, vile, or depraved. A person commits the crime of witness tampering under that statute if:

> (a) The person knowingly induces or attempts to induce a witness or a person the person believes may be called as a witness in any official proceeding to offer false testimony or unlawfully withhold any testimony; or
>
> (b) The person knowingly induces or attempts to induce a witness to be absent from any official proceeding to which the person has been legally summoned.

Or. Rev. Stat. § 162.285(1). The plain text of the statute permits conviction if (1) a person induces or attempts to induce a person who is or may be called as a witness in official proceeding to offer false testimony; (2) a person induces or attempts to induce a person who is or may be called as a witness to unlawfully withhold any testimony; or (3) a person knowingly induces or attempts to induce a person to be absent from an official proceeding when the person was legally summoned. Or. Rev. Stat. § 162.285(1).

This statute does not necessarily involve the fraudulent, base, vile, or depraved conduct required for it to qualify as a categorical CIMT. While Vasquez-Valle need only point to a single case where a defendant was convicted under § 162.285 for conduct that does not satisfy the generic definition of a CIMT in order to prevail, our review of Oregon case law reveals numerous such instances. In *State v. McBeth*, 149 P.3d 212 (Or. Ct. App. 2006), for example,

the Oregon Court of Appeals upheld a defendant's conviction under § 162.285 where the witness testified that:

> Defendant asked [her] what she knew about Ward's arrest, and she told him about her involvement in the controlled buy. She told defendant that she was afraid to testify in Ward's trial. Defendant replied that it was 'easy to forget things and not to recollect and not to show up to court.' [She] told defendant that she feared going to jail for contempt if she did not appear, they talked a little while longer, and then defendant left.

*Id.* at 214. The defendant was charged under both subsection (a)—for attempting to induce a witness to unlawfully withhold testimony—and subsection (b), for attempting to induce a witness to be absent from a proceeding to which she was legally summoned. *Id*. at 213–14. The facts in *McBeth* do not suggest fraud, which we have defined as requiring that an individual employ false statements to obtain something tangible. *Blanco v. Mukasey*, 518 F.3d 714, 719 (9th Cir. 2008). Specifically—and dispositive of our analysis on this point—neither impeding law enforcement nor wrongfully interfering with the administration of justice constitutes a tangible "benefit" for purposes of determining whether a crime involves fraudulent intent. *Id.* at 719–20. Nor was the defendant's conduct base, vile, or depraved; his actions did not "shock[] the public conscience," nor did they involve an intent to injure another, an actual injury to another, or a protected class of victim. *See Nunez*, 594 F.3d at 1131 ("[N]on-fraudulent crimes of moral turpitude almost always involve an intent to harm someone, the actual infliction of harm upon someone, or an action that affects a protected class of victim.").

Oregon courts have upheld convictions under § 162.285 in a number of other cases where indicia of fraud or depravity are similarly absent. In *State v. Campbell*, for example, the court upheld a conviction for witness tampering under § 162.285(1)(b) where the defendant called the victim and told her that he did not want her to testify against him. 337 P.3d 186, 188–89 (Or. Ct. App. 2014). Again, requesting that a person not appear is neither inherently fraudulent nor vile, base, or depraved. *See Nunez*, 594 F.3d at 1131; *Blanco*, 518 F.3d at 719. In another case, a defendant attempted to get his girlfriend's daughter, the alleged victim of a sexual abuse crime, to withhold testimony or to offer false testimony before a grand jury. *State v. Bryan*, 190 P.3d 470, 471 (Or. Ct. App. 2008). The defendant instructed his girlfriend that the victim was not permitted to play with his video games while he was in custody and told his girlfriend not to give the victim the Christmas gifts that defendant had bought for her. *Id.* In another call, "defendant told his girlfriend that the victim would end up in a foster home if she persisted in her allegations of abuse." *Id.* The Oregon Court of Appeals held that these calls were attempts to induce the child to either withhold testimony or give false testimony in violation of § 162.285. *Id.* at 473–74. Although the defendant there exerted pressure to attempt to get the child not to testify, the requests were not necessarily fraudulent, base, or depraved.

Additionally, while "induce" is not defined in the statute, Oregon case law demonstrates inducement need not involve fraud or depravity. In *State v. Jones*, 226 P. 433 (Or. 1924), an attorney who paid a mother to keep her children from proceedings was found guilty of witness tampering.[2] In that

---

[2] Although *State v. Jones* analyzed an old contempt statute, some of the conduct criminalized as contempt under Oregon law was similar to

case, the defendant—a defense attorney—had paid the mother $435 to take her daughters, who were to be witnesses against his client, out of Oregon's jurisdiction so that they would not testify. *Id.* at 434–35. As above, while we do not condone the attorney's actions, such facts suggest neither fraud nor base, vile, or depraved behavior. *See Nunez*, 594 F.3d at 1131; *Blanco*, 518 F.3d at 719–20.

These cases demonstrate that § 162.285 is broader than the generic definition of a CIMT and that Oregon applies the statute to conduct that falls outside the generic definition. We therefore conclude that the statute is overbroad and not a categorical match to a CIMT.[3] We next determine whether the statute is divisible; if it is, we consider whether the particular provision of the statute that Vasquez-Valle was convicted under is a match under the modified categorical approach. *See Rendon v. Holder*, 764 F.3d 1077, 1084 (9th Cir. 2014).

---

the conduct now criminalized as witness tampering under § 162.285. *See* 226 P. at 435 (discussing various acts criminalized as contempt, including "unlawful interference with the process or proceedings of a court," and, under Oregon common law, "to prevent the attendance of witnesses who have been duly subpœnaed, to advise a witness to absent himself from court, or to induce, or attempt to induce, him to go beyond the jurisdiction of the court").

[3] We reached a similar conclusion in *Escobar v. Lynch*, 846 F.3d 1019, 1024–25 (9th Cir. 2017), where we considered whether a statutorily similar crime—California's witness tampering statute—was a CIMT. The California statute requires a knowing and malicious attempt to dissuade someone from testifying. *Id.* at 1024. We held that "California Penal Code section 136.1(a) is overly broad and not a categorical CIMT because the statute criminalizes conduct that is not intentionally fraudulent and that does not require an intent to injure someone, an actual injury, or a protected class of victims." *Id.* at 1026 (internal quotation marks and citation omitted).

**B.**

Vasquez-Valle argues that Oregon Revised Statutes § 162.285 is clearly divisible because the statute is separated into two distinct prongs and sets forth three different methods for witness tampering. We explained in *Rendon* that "a statute is divisible only if, *inter alia*, 'it lists multiple discrete offenses as enumerated alternatives or defines a single offense by reference to disjunctive sets of "elements," more than one combination of which could support a conviction.'" 764 F.3d at 1087–88 (quoting *Matter of Chiarez*, 26 I. & N. Dec. 349, 353 (BIA 2014)).

Oregon Revised Statutes § 162.285(1) states that a person commits the crime of witness tampering if:

> (a) The person knowingly induces or attempts to induce a witness or a person the person believes may be called as a witness in any official proceeding to offer false testimony or unlawfully withhold any testimony; or
>
> (b) The person knowingly induces or attempts to induce a witness to be absent from any official proceeding to which the person has been legally summoned.

We conclude that the statute is divisible. Although both subsections (a) and (b) define the offense of witness tampering in Oregon, the subsections criminalize different conduct and require different elements for conviction. Subsection (a) permits conviction if a person induces or attempts to induce a person who is or may be called as a witness in an official proceeding to (1) offer false testimony, or (2) unlawfully withhold testimony. Or. Rev. Stat.

§ 162.285(1)(a). Subsection (b), on the other hand, allows conviction if a person knowingly induces or attempts to induce a person to be absent from an official proceeding to which the person was legally summoned. Or. Rev. Stat. § 162.285(1)(b). The statute thus provides "disjunctive sets of elements, more than one combination of which could support a conviction." *Rendon*, 764 F.3d at 1088.

A review of Oregon cases addressing § 162.285 does not show subsections (a) and (b) being charged interchangeably. For example, in *State v. McBeth*, a defendant was charged under both Oregon Revised Statutes § 162.285(1)(a) and § 162.285(1)(b). 149 P.3d 212, 213 (Or. Ct. App. 2006) ("Defendant was charged under ORS [§] 162.285(1)(a) and (b) with one count of attempting to induce a witness to unlawfully withhold testimony and one count of attempting to induce a witness to be absent from an official proceeding to which she was legally summoned."). If the subsections were treated as one indivisible crime, there would be no need to specify which acts violated subsection (a) and which acts violated subsection (b). In another case, the Oregon Court of Appeals held that "witness" under subsection (a) had a more expansive meaning than under subsection (b), because subsection (a) does not require the "witness" to have been legally summoned. *See Bryan*, 190 P.3d at 472–73 (explaining that a "witness" under subsection (a) does not need to have been summoned; otherwise, the "to which the person has been legally summoned" language in subsection (b) would be unnecessary).

Our conclusion that the statute is divisible is not altered by *State v. Jenkins*, 383 P.3d 395 (Or. Ct. App. 2016), *cert. denied*, 388 P.3d 725 (Or. 2017), where—in addressing the merger of guilty verdicts—the Oregon Court of Appeals stated:

> ORS [§] 162.285(1) provides that "[a] person commits the crime of tampering with a witness if" the person engages in conduct described in either of two following paragraphs, (a) or (b). That structure—a section that names the crime, followed by paragraphs that define alternative ways of committing the crime—indicates that the legislature intended to define one crime.

*Id.* at 398. But our analysis for whether a statute is divisible for purposes of the categorical approach is not the same as the Oregon courts' analysis for whether guilty verdicts should be merged under Oregon's anti-merger statute. *See id.* at 396–99. We determine whether disjunctively worded statutes are divisible "by looking to whether the state treats the parts of the statute on opposite sides of the 'or' as alternative elements or alternative means." *Rendon*, 764 F.3d at 1088. A jury in Oregon cannot convict a defendant under Oregon Revised Statutes § 162.285(1)(b) without finding that the witness had been summoned—but a defendant may be convicted under subsection (a) *without* that element. *See, e.g.*, *State v. Tweed*, 134 P.3d 1047, 1049 (Or. Ct. App. 2006) ("More recently, we concluded that, where the state failed to show that the defendant's attempt to induce a witness not to testify occurred *after* the witness had been summoned, 'the state did not prove an element of the offense [under § 162.285(1)(b)]'") (alteration and internal citation omitted); *State v. Pervish,* 123 P.3d 285, 299 (Or. Ct. App. 2005) (reversing conviction under § 162.285(1)(b) because the witness with whom the defendant had tampered had not yet been summoned at the time of the tampering), *cert. denied*, 132 P.3d 28 (Or. 2006); *State v. Martin,* 769 P.2d 203, 206 (Or. Ct. App. 1989) (tampering under § 162.285(1)(b) requires proof that the inducement occurred

after the witness had been served with a subpoena). Further, the Oregon State Bar Committee on Uniform Criminal Jury Instructions supplies a jury instruction that requires counsel to pick either subsection (a) or subsection (b) for use in a trial on a witness tampering charge. *See* Oregon UCrJI 1220. We therefore conclude that Oregon Revised Statutes § 162.285 is divisible.

## C.

Because we conclude that Oregon Revised Statutes § 162.285 is divisible, we must determine which subsection applied to Vasquez-Valle's conviction. *Id.* Under the modified categorical approach, "we look beyond the statutory text to a limited set of documents to determine which statutory phrase was the basis for the conviction." *United States v. Martinez-Lopez*, 864 F.3d 1034, 1043 (9th Cir.) (en banc) (internal quotation marks and citation omitted), *cert. denied*, 138 S. Ct. 523 (2017). This narrow set of documents includes: "the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005).

Vasquez-Valle's indictment alleged that he "unlawfully and knowingly induce[d] or attempt[ed] to induce LISA OWENS, a witness, to absent herself from an official proceeding to which said witness had been legally summoned." Vasquez-Valle pled guilty to tampering with a witness in violation of Oregon Revised Statutes § 162.285. The plea agreement did not designate which subsection of the statute he violated, but stated that Vasquez-Valle "knowingly induced or attempted to induce Lisa Owens, a witness, to be absent from an official proceeding to which

she was legally summoned." Oregon Revised Statutes § 162.285(1)(b) states that a person commits the crime of witness tampering if "[t]he person knowingly induces or attempts to induce a witness to be absent from any official proceeding to which the person has been legally summoned." It is thus clear from the face of the indictment and the plea agreement that Vasquez-Valle's conviction tracked subsection (b) and not subsection (a).

For the same reasons discussed above, subsection (b) criminalizes conduct that falls outside of the generic definition of a CIMT, and therefore is not a categorical match under the modified categorical approach.

## IV.

The BIA erred by concluding that Vasquez-Valle's conviction under Oregon Revised Statutes § 162.285 was a crime involving moral turpitude. Vasquez-Valle's petition is granted, and we remand to the agency for further proceedings consistent with this opinion.

**PETITION GRANTED; REMANDED.**