594　　　　　　　　May 15, 2024　　　　　　No. 319

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER MICHAEL WALKER,
aka Christopher M. Walker,
*Defendant-Appellant.*

Linn County Circuit Court
21CR24839, 20CR29998; A177990 (Control), A177991

Michael B. Wynhausen, Judge.

Argued and submitted October 3, 2023.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General and Kirsten M. Naito, Assistant Attorney General.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

In this appeal, defendant challenges his conviction for witness tampering in violation of ORS 162.285 (Count 2).[1] Raising one assignment of error,[2] defendant contends that the trial court erred in denying his motion for a judgment of acquittal (MJOA) because the record does not support a finding that he attempted to induce a witness to "unlawfully" withhold testimony under ORS 162.285(1)(a). Specifically, defendant argues that he did nothing more than encourage a voluntary witness to absent herself from trial and that, without evidence of a subpoena or belief that one is impending, such conduct is not criminal. For the reasons discussed below, we conclude that the trial court did not err in denying defendant's MJOA because ORS 162.285(1)(a) is not limited to witnesses who have been subpoenaed or witnesses a defendant believes will be subpoenaed, and the evidence in the record was sufficient to find that defendant was attempting to induce a witness to disobey a legal obligation to testify. Affirmed.

We review the denial of an MJOA by "review[ing] the facts in the light most favorable to the state and draw[ing] all reasonable inferences in the state's favor to determine 'whether any rational trier of fact, accepting reasonable inferences and credibility choices, could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Peirce*, 296 Or App 829, 830, 440 P3d 98 (2019) (quoting *State v. Lupoli*, 348 Or 346, 366, 234 P3d 117 (2010)). "Where a trial court's denial of a motion for judgment of acquittal involves a question of statutory interpretation, we review that interpretation for legal error." *State v. Ritter*, 280 Or App 281, 285-86, 380 P3d 1160 (2016).

## FACTS

Defendant was arrested for domestic violence and resisting arrest. While in jail awaiting trial, defendant called the complainant, R. He told her that the state had made a plea offer of 24 months in prison on a charge

---

[1] Defendant was also convicted of one count of resisting arrest, ORS 162.315 (Count 1). He does not challenge that conviction.

[2] Defendant originally raised two assignments of error, but the second assignment was rendered moot by the trial court entering an amended judgment.

of strangulation in exchange for dismissing a charge of attempted assault. Defendant asked R to pay his bail and said that his case would likely go to trial. He also told R, "with no witnesses no case," that he would lose at trial "if certain people show up to testify," and that "there better not be any testimony against me." For that conduct, a grand jury charged defendant with tampering with a witness in violation of ORS 162.285.

Defendant testified in his own defense. On cross-examination, he acknowledged making the statements in the recorded telephone call. He said that he knew the state "was going to call" R as a witness and that his references to witnesses were about R's daughter. He said that R had "stated on the record in court she's not going to testify against me." Ultimately, defendant was convicted of resisting arrest and tampering with a witness.

## ANALYSIS

ORS 162.285 criminalizes witness tampering in two ways: first, by inducing or attempting to induce a person who may be called as a witness "to offer false testimony or unlawfully withhold any testimony" (ORS 162.285(1)(a)); second, by inducing or attempting to induce a witness "to be absent" from a hearing "to which the person has been legally summoned" (ORS 162.285(1)(b)).[3] In this case, the state elected to proceed under paragraph (1)(a), alleging that defendant induced R to provide false testimony or "unlawfully" withhold testimony.

Defendant does not dispute that the evidence permits a finding that he believed that R may be called as a voluntary witness and that he attempted to induce her to withhold testimony. However, defendant contends that he did not attempt to induce R to *unlawfully* withhold testimony.

---

[3] ORS 162.285 provides, in part:

"(1) A person commits the crime of tampering with a witness if:

"(a) The person knowingly induces or attempts to induce a witness or a person the person believes may be called as a witness in any official proceeding to offer false testimony or unlawfully withhold any testimony; or

"(b) The person knowingly induces or attempts to induce a witness to be absent from any official proceeding to which the person has been legally summoned."

Specifically, we understand defendant's argument to be that under ORS 162.285(1)(a), the term "unlawfully withhold any testimony" means that the defendant's conduct targets a witness that either (1) has been subpoenaed or (2) that the defendant believes will be subpoenaed, and not simply called as a voluntary witness. Based on that interpretation, defendant contends that the evidence here was insufficient to find that defendant induced R to unlawfully withhold testimony because the state did not present evidence that R was subpoenaed for any hearing or that defendant believed R would be subpoenaed.

We begin by noting that this case is similar to *State v. Bryan*, 221 Or App 455, 463, 190 P3d 470 (2008), *rev den*, 347 Or 290 (2009), where we held that the term "witness" in ORS 162.285(1)(a) is not limited to "a person who either has already testified or has been subpoenaed to give testimony." However, defendant's argument that ORS 162.285(1)(a) requires evidence that the witness was subpoenaed or evidence that the defendant believed the witness would be subpoenaed—is sufficiently different to warrant additional analysis of ORS 162.285(1)(a).

The interpretation of ORS 162.285(1)(a) is, in part, a question of legislative intent, which requires consideration of the statute's text, context, and if useful to the analysis, its legislative history, and canons of construction. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). "In the absence of any evidence to the contrary, we assume that the legislature intended to give those words their 'plain, natural, and ordinary meaning,'" relying on dictionaries that were in use at the time the statute was enacted. *State v. Ziska/Garza*, 355 Or 799, 804-05, 334 P3d 964 (2014).

ORS 162.285(1)(a) provides that a person commits the crime of witness tampering if the person "knowingly induces or attempts to induce a witness or a person the person believes may be called as a witness * * * to offer false testimony or unlawfully withhold any testimony." Read in context, "unlawfully" modifies the phrase "withhold any testimony," indicating that the legislature intended to exempt behavior such as advising a witness to exert a lawful privilege. *See State v. Bailey*, 346 Or 551, 557, 213

P3d 1240 (2009) (holding that the word "unlawfully" in ORS 162.285(1)(a) "conveys the legislature's intention not to criminalize attempts to induce a person to exercise a lawful right or privilege not to testify"). Indeed, commentary from the legislative history states that it is not a violation of the law to persuade a witness to "lawfully refuse to testify on grounds of personal privilege or to induce a witness to avoid process by leaving the jurisdiction of the court." Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 203, 202 (July 1970). The commentary further explains that such conduct, "if engaged in by an attorney, may raise certain ethical questions, but should not be subject to criminal liability." *Id*. Consequently, the question of whether a defendant unlawfully induces a witness to "unlawfully withhold any testimony" turns on whether the defendant is inducing the witness to violate a legal obligation to testify.

Importantly, the "unlawfully withhold any testimony" element does not depend on whether the witness has been served with a subpoena. The legislature drafted ORS 162.285 after it considered tampering statutes from the New York Penal Code and the Model Penal Code.[4] Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 203, 202 (July 1970). The New York provision, *former* New York Penal Code § 215.10, provided that a person commits the crime of witness tampering when the person, "knowing that a person is or is about to be called as a witness in an action or proceeding, *** wrongfully induces or attempts to induce such person [to avoid appearing or testifying]." The Model Penal Code provision, § 241.6, prohibited tampering with a witness by a person who "believe[es] that an official proceeding or investigation is pending or is about to be instituted[.]"

---

[4] Early drafts of the of the 1971 Criminal Law Revision (of which ORS 162.285 was a part) show that the Criminal Code Revision Commission looked at witness tampering statutes from three different sources: the New York Penal Code, the Michigan Penal Code, and the Model Penal Code. Oregon Criminal Law Revision Commission, Proposed Oregon Criminal Code, Preliminary Draft No 2, Article 24, § 7, 38-39 (Dec 1969). However, by the time the Commission adopted the final draft of the revised criminal code, it stated that the Oregon provision was derived only from two sources: New York Revised Penal Law § 215.10 and Model Penal Code § 241.6. Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 203, 202 (July 1970).

It is significant to our analysis that the above statutes contain a more focused description of the possible timing of the testimony being tampered with than ORS 162.285(1)(a). In particular, by providing that witness tampering occurs when a defendant "*knowing* that a person is or *is about to be called* as a witness in a \*\*\* proceeding" the New York statute clearly excludes from the definition of witness tampering all circumstances where a proceeding is only a future possibility. *Former* New York Penal code § 215.10 (emphasis added). Similarly, the Model Penal Code provision, § 241.6, by stating that a person commits witness tampering when they "believe[e] that an official proceeding or investigation is pending or is about to be instituted," excludes circumstances where the defendant does not know or believe that an official proceeding is pending.

The fact that ORS 162.285(1)(a) does not contain any of the narrow wording of the New York and Model Penal Code statutes "suggests that the legislature intended that the Oregon statute apply more broadly." *Bailey*, 346 Or at 564. It also suggests that the legislature was primarily concerned with criminalizing a defendant's intention to interfere with official factfinding processes, rather than what the person with whom the defendant interfered "might be called upon to do." *State v. Ortiz-Saldana*, 288 Or App 230, 234, 406 P3d 61 (2017). Consistent with those inferences, we have previously held that ORS 162.285(1)(a) criminalizes a person's attempt to induce a witness to withhold testimony before an official proceeding has commenced, and, in particular, before any subpoena may have been issued. *See Bailey*, 346 Or at 564 (holding that when "ORS 162.285(1)(a) defines witness tampering in terms of tampering with a person who the defendant 'believes may be called as a witness in any official proceeding,' it includes tampering that occurs at a time when no official proceeding is pending").

The "unlawfully withhold any testimony" element also does not necessarily turn on whether the defendant believes the witness will be subpoenaed. Again, the question is whether the defendant is attempting to induce a person to disobey a legal obligation to testify. That can occur regardless of whether the defendant believes a subpoena will issue.

For example, evidence that a defendant tells a witness not to testify "no matter what" may convince a factfinder that the defendant attempted to induce non-compliance with any potential future subpoena. By contrast, a factfinder may rationally find that evidence a defendant said "please do not testify unless you receive a subpoena" does not run afoul of the statute if the factfinder concludes that the defendant was not inducing the witness to defy a subpoena. In this case, a reasonable factfinder could find that defendant was attempting to have the witness withhold testimony under any circumstance, regardless of whether defendant believed the witness was or would be subpoenaed.

Lastly, even if we agreed with defendant's contention that ORS 162.285(1)(a) requires evidence that the defendant believed the witness would be subpoenaed, the record was sufficient for a factfinder to infer that defendant believed R would be subpoenaed. Defendant told R over the phone, that "there better not be any testimony against me" and testified that he knew the state "was going to call" her as a witness. It was rational for the factfinder to infer that if defendant had believed R would not be subpoenaed, there would be no reason for him to tell her to withhold testimony.

Affirmed.